## JAMES S. BIRDSONG v. TOWN OF MENDENHALL.

### [52 South. 795.]

1. MUNICIPALITIES. *Defective street. Action for injuries. Notice of defect. Ordinary care. Question for jury.*

Knowledge of the defective condition of a street does not necessarily preclude a plaintiff from a recovery for an injury sustained therefrom, as it is a question for the jury whether when using the street he exercised ordinary diligence commensurate with his knowledge.

2. SAME. *Same. Evidence.*

In a suit for injuries sustained by reason of a defective street, although plaintiff knew of the defect, the case should be submitted to the jury if there be testimony showing that he was in the exercise of proper care at the time of the injury.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

Birdsong, appellant, was plaintiff in the court below; the town of Mendenhall, appellee, was defendant there. From a judgment predicated of a peremptory instruction in favor of defendant the plaintiff appealed to the supreme court.

The plaintiff himself testified that he knew of the defect in the street of which he complained; that he had seen it a number of times before he was injured but that in attempting to use the street he was careful and prudent. His foot was caught in a hole and he was tripped and fell and sustained the injuries for which he sued.

*E. L. Dent,* and *Flowers, Fletcher & Whitfield,* for appellant.

The peremptory instruction in favor of the municipality seems to have been given upon the erroneous idea that it was the duty of the plaintiff, under the circumstances described by him, to abandon the sidewalk. Under the theory adopted by the trial court, if one knows that a sidewalk is defective, he may not undertake to use it even with the exercise of great care in his use of it to avoid injury to himself, but if there is ground adjacent to the sidewalk left for him to walk on which is suitable, then he must abandon the use of the sidewalk and use the ground as a passage way.

Whether one has used a sidewalk carefully is a question for the jury. Whether he should have used it at all is a question for the jury. It is the duty of the municipality to keep up its sidewalks. It cannot permit them to remain in that condition until it becomes notorious, and then require every pedestrian to abandon them. Whether the walks are defective or not, they may be used by the public. Knowing of the defect is only one fact to be taken into consideration when it becomes necessary to decide whether the one injured is guilty of contributory negligence. In such cases the question is not alone whether he had knowledge, but, having such knowledge, whether it was negligence on his part to undertake to use the sidewalk in the manner in which he did use it. *Pascagoula v. Kirkwood,* 86 Miss. 630.

It will be noted, too, that in the *Pascagoula case, supra,* the injured party, Mrs. Kirkwood, knew of the defect complained of, and had not temporarily forgotten about it, but was keeping it in her mind and was regulating her movements to avoid the defect, and while exercising due care, she was injured. That is precisely the case at bar. Birdsong knew that the sidewalk was defective, and he concluded that he could use it, and was proceeding with all due care, but despite such due care he was

injured.    The trial court in effect held that he did not examine
the ground near the sidewalk to find out whether it was muddy.
Appellant testified that it was raining and had been raining for
some time, and certainly it may be presumed that he might ·use
his reason and·experience and know that the ground was muddy.
Water falling upon bare earth always makes mud.    Appellant
knew that this happened.    It was not necessary for him to
make an examination to see if this had happened.    *Natchez v.
Lewis,* 90 Miss. 310 ; *Meridian v. McBeth,* 80 Miss. 485 ; *Jack-
son v. Carver,* 82 Miss. 583.

*J. P. & A. M. Edwards,* for appellee.

It was the grossest negligence on the part of appellant to
attempt to use the sidewalk as he did with full knowledge of
its dangerous condition and especially when he had ample room
on the ground constituting a part of the sidewalk on which he
could have traveled ''with absolute safety and with no incon-
venience, save that of getting dirt or perhaps mud on his feet.

The case of *Pascagoula v. Kirkwood,* 86 Miss. 630, cited by
appellant, is not in point here.    In that case· the plaintiff was
compelled to choose between a defective sidewalk and the street
where she was liable to be run over by vehicles or electric cars.
In this case there was no such danger.    There certainly could
have been no danger in walking in Mendenhall on the bare
ground, even if it had been a little muddy.    The sidewalk was
seven feet· wide, four feet of which was covered with boards
and the remaining three feet being bare earth.    Three feet of
space was ample room for appellant, and he was familiar with
the condition of the walk.    It naturally follows that none of
the authorities cited by learned counsel for appellant are ap-
plicable.

Negligence is a mixed question of law and fact; the court
declaring what is negligence, and the jury finding the facts, in

the particular case, and reports to the court what such facts show upon the question of negligence, viewed in the light of what the court has said in regard to negligence. In this case, the question is a mixed one, and therefore it was the duty of the trial court to decide the question. When the evidence neither proves, nor tends to prove liability on the part of a defendant, or where the facts shown in evidence make it clear that the plaintiff was guilty of contributory negligence, for which damages are sought to be recovered, then it is for the court alone to determine the liability. *McMurtry v. Louisville, etc., R. R. Co.,* 67 Miss. 604.

If it is for the court to say, in a majority of cases, what is, and what is not negligence as an abstract proposition. When, therefore, the facts of a given case are undisputed, and the inferences, or conclusions to be drawn from the facts, are undisputable; when the standard of duty is fixed and defined, so that a failure to attain it is negligence beyond cavil, then contributory negligence is a matter of law.

MAYES, C. J., delivered the opinion of the court.

It is true that Birdsong testifies that he has been a resident of the town of Mendenhall for three years or more, and that before going upon the street in question he knew of its dangerous condition at the point where he sustained the injury; but this was not sufficient to preclude a recovery against the town for the injury sustained. Of course, his knowledge of the condition of the street was a factor in the case for the consideration for the jury in determining whether or not, in view of this knowledge, he was exercising the ordinary prudence at the time interpreted in the light of his knowledge. Citizens of a town are not prohibited from the use of a street or sidewalk by the mere fact that the authorities have allowed it to get into a defective condition, even when they know the street is defective; but they

may continue to use the street unless its defect consists in such bad state of repair as makes the very use of the street, with the knowledge, however great the care exercised, attendant with great danger.

This is not a case where there should have been a peremptory instruction for the defendant; but it should have gone to the jury. It was not shown that the condition of the street, of which Birdsong had knowledge, made the danger in its use so imminent and threatening that a prudent man, knowing of its existence, would not assume the risk of walking on the street when exercising ordinary care. Birdsong testifies that he was in the exercise of proper care at the time he received the injury, and this testimony, under the facts, necessarily carried the case to the jury. The question is, not whether Birdsong used the street knowing its condition, but whether or not, knowing its condition, he exercised the proper care to protect himself from harm by its use.

*Reversed and remanded.*