## T. F. Saxon v. Town of Houlka.

[65 South. 124.]

1. Municipal Corporation. *Defective streets. Negligence.*

A town is liable to a traveler in damages for injuries caused by being thrown from his buggy by a wheel falling into a hole in the street, where the officials of the town knew of the defective condition of the street, either by reason of driving over it or by having their business place near it, in such case the town officials are negligent in permitting the street to remain in a defective condition.

2. Same.

A traveler who uses a street in the ordinary way is not guilty of a failure to exercise proper care and diligence in driving over a defective part of the street, even though he knows it is not in general good condition, but does not know of a hole therein which is covered with water and mud.

Appeal from the circuit court of Chickasaw county. Hon. H. F. Mahon, Judge.

Suit by T. F. Saxon against the town of Houlka. From a judgment for the defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Joe H. Ford,* for appellant.

Counsel for appellee gives briefly four reasons why he contends this case should be affirmed. I shall make a few observations in reply taking them up serially. 1. The first he gives is that appellant knew that the street he was traveling at the time of the injury, was in a defective condition and was very dangerous. I submit to the court that the record does not support this statement that he knew it was very dangerous. The record shows, as pointed out in my orginal brief, that he knew that it was defective in the sense that there was a mudhole there but he denied, from start to finish, that he

knew there was any danger lurking there. In fact, it was not contended, at the trial below, that appellant knew of the danger, but that knowing of a defect in the street, he must use extraordinary care to avoid the defect or any possible danger resulting from any such defect, disregarding entirely the well-settled rule of law that plaintiff was only required to use ordinary care commensurate with his knowledge of the defect. He knew nothing on earth about the existence of the dangerous trap into which he fell and could not see it with his natural eye.

2. It was not contended, for one moment in the trial of this case in the court below that plaintiff was not exercising ordinary care at the time he sustained the injury complained of, but simply that the law required him to use extraordinary care where he knew of the defect, whether he knew of its dangerous character or not, and the court excluded the testimony and dismissed the case, on the specific ground that, knowing there was a defect in the street at this place, he did not show, from the testimony, that he used extraordinary care to avoid possible danger. Counsel cites the case of *Vicksburg* v. *Hennessy*, 54 Miss. 391, to save his case from reversal. That case is not in point here because there it was shown that the city had provided a safe means of avoiding danger to a traveler of its street, and that Hennessy, knowing of the means so provided, neglected to use it and was injured in consequence of such failure. Such is not the case here, for it is shown that, although this danger had existed for months before the injury, and that it was well known to the town authorities, they had persistently failed, and even refused, to have the defect repaired, or to provide any means by which the public could avoid it in traveling until after the injury, when they made haste to perform their duty of which they had been so long neglectful.

3. Counsel seeks to perpetrate, upon this court, the huge joke that plaintiff cannot recover because proof was

not introduced to show that the town of Houlka is an incorporated municipality. That was not an issue in the lower court at all; the defendant pleaded to the declaration as such. The proof shows they had a mayor and board of aldermen. The last witness introduced testified that he was its present mayor; the proof shows that W. T. Turner was the mayor of the town at the time the injury was sustained and had, himself, narrowly escaped a serious accident in this same place in the street just a few days before the plaintiff sustained his injury. All the proof shows that the injury was sustained by plaintiff while traveling on a public street of the "town of Houlka." It was not necessary that plaintiff procure the proclamation of the govenor to be introduced to show that it was a municipal corporation, or to offer any other evidence to that effect, where there was no such issue involved in the case. That fact was charged in the declaration and not denied by defendant but was, in fact, confessed by it when it pleaded to the declaration in that capacity. However, if proof was necessary, on the trial, to show that it was a municipality, undoubtedly in this case, it was shown.

4. It was shown that the defect and dangerous character of the street, at the place where this injury was sustained, had existed for some months and that the mayor of the town, just a few days before this injury, had fallen into the very hole the plaintiff fell into, and barely escaped a similar misfortune. It was not for one moment contended by the appellee in the court below that this dangerous condition of the street was unknown to the officials of the town. The town board had been applied to to have the place fixed so that it would be passable and safe. The case of *Cohea* v. *Coffeeville,* 69 Miss. 561, cited by counsel, cannot save him, for two reasons: First, it was shown in this case that the defect and dangerous condition was known to the town board and was also of a notorious character;

second, in that case the question was left for the determination of the jury which decided adversely to Cohen. The mere fact that the hole, into which plaintiff fell, was covered with mud and water and was a hidden defect, did not relieve the town from liability for the injury. Not only is the town liable for such defects where they are known to it, but they must exercise ordinary care to discover such. It was held in the case of *Nesbitt* v. *Greenville,* 69 Miss. 22, that "proper repairs, from time to time, are as much the duty of the city as a safe structure originally. Inseparably connected with this statement is another, viz.: that a municipality is liable for injury resulting from its defective structures where, by reasonable diligence, it might have acquired knowledge of such defect. The common knowledge of mankind is chargeable to a municipality also. The knowledge of the action of the elements on structures of wood, and on the liability of timber to decay under certain conditions, is to be attributed to a municipality just as to natural persons. The duty of a municipality to exercise ordinary care to detect such natural decay and to guard against injuries therefrom, follows necessarily." In the case at bar it was a question for the jury to say whether the municipal authorities had knowledge of the defective and dangerous condition of this street, which was denied, and whether they should have, by the exercise of reasonable diligence, known thereof.

In my view of this case, none of the reasons urged by counsel for appellee can save this case from reversal on the record here, and I respectfully submit the case.

*R. H. Knox,* for appellee.

This case should be affirmed for the following reasons, to wit: First, because the appellant knew that the so-called street, upon which he was traveling, was in a defective condition, and very dangerous; second, because, having knowledge of the defective condition of the so-

called street, at this particular point, he attempted to cross said defective portion of same, without exercising ordinary care, taking his testimony and that of his star witness upon the ''house-top'' as true. *Birdson* v. *Town of Mendenhall,* 97 Miss. 544, 52 So. 795; *Vicksburg* v. *Hennessy,* 54 Miss. 391; third, because it is not shown whether or not the town of Houlka is an incorporated municipality, and that the place where Saxon claims to have been injured was upon a public street in any municipality; fourth, because it is not shown how long the particular hole, in which Saxon claims to have been injured, was dangerous, if dangerous at all. Therefore, if covered with water and mud, it was a hidden defect for which no one is liable.

I, therefore, respectfully submit that the peremptory instruction, given by the court upon the trial of this cause, was eminently correct, and the same should be affirmed.

Reed, J., delivered the opinion of the court.

T. F. Saxon was driving along a street in the town of Houlka. While going through a place in the street covered by water, a front wheel of his buggy dropped into a hole, and he was thrown out with some force. He sustained painful injuries, one or two of his ribs having been broken, and he brought suit for damages against the town. Upon the trial, at the end of the introduction of his evidence, the court sustained a motion to exclude the testimony and directed a verdict in favor of the town.

The hole, into which the buggy fell, was covered with mud and water and could not be seen. Mr. Saxon knew that the street was not in general good condition at the point where he was injured. He did not however know of the existence of the hole, for it was concealed. He was not aware of the dangerous condition of the street because of the hidden hole, and that it was unsafe for travel. The street was open for general use.

It is shown by the testimony that the town officials knew of the defective condition of the street. The mayor had special knowledge of it, by reason of an experience in driving over it a few days prior to Mr. Saxon's fall. The aldermen had their places of business near to the defective place. Application had been made to the municipal board for the work of repairing it, and it was repaired just after the injury. The town authorities should not have allowed this street to get into such defective condition.

We do not see, from the record, that Mr. Saxon failed to· exercise proper care and diligence in driving over the defective part of the street. He was using the street in the ordinary way, and he had a right to so use it. *Pascagoula* v. *Kirkwood,* 86 Miss. 630, 38 So. 547; *Birdsong* v. *Mendenhall,* 97 Miss. 544, 52 So. 795.

· The court erred in excluding appellant's testimony. This case should have gone to the jury.

*Reversed.*