CITY OF PASCAGOULA *v.* VIRGINIA M. KIRKWOOD.

MUNICIPALITIES.   *Defective sidewalk.   Pedestrians.   Contributory negligence.*

Where plaintiff was injured by a defect in a sidewalk which she could not see, while walking over the same at night, holding to the arm of her husband, which defect had existed for more than three years, the fact that plaintiff had knowledge of the defect, and was looking out for it at the time, and failed to use that part of the street designed for vehicles to avoid it, did not render her guilty of contributory negligence, as a matter of law.

FROM the circuit court of Jackson county.

HON. WILLIAM T. McDONALD, Judge.

Mrs. Kirkwood, the appellee, was plaintiff, and the city of Pascagoula, the appellant, defendant in the court below. From a judgment in plaintiff's favor for $150, the defendant appealed to the supreme court.

On the trial plaintiff testified that she was walking along the sidewalk with her husband at night, having hold of his arm; that there was an abrupt step-off in the sidewalk of about a foot; that she had known of this defect for about three years, and had frequently passed it; that the night was dark, and she was looking out for this step-off, but could not see it; that her husband

was a little ahead and stepped over the place before they discovered it, and pulled her over, she falling down and wrenching her back and ankle badly. On cross-examination she stated that the street along by the side of the sidewalk was a smooth, shelled street, and she could have gotten to the street easily by a crossing over the gutter just before reaching the step-off, and pedestrians frequently used the street, but she did not like to go on the street on account of vehicles and the street cars.

*H. B. Everett,* for appellant.

The step over which plaintiff fell was one reasonably safe for use by persons in the exercise of ordinary prudence, and though possibly not constructed in the very best method, it was a reasonable method adopted for overcoming a natural obstacle— to wit, the wash of the sidewalk. A municipality is not held liable in such cases for a failure to adopt the best method, if the one adopted is reasonably sufficient and safe, prudently used. 2 Dillon on Municipal Corporations, sec. 789; *Centralia* v. *Krouse,* 64 Ill., 19; *Vicksburg* v. *Hennessey,* 54 Miss., 391.

Persons acquainted with the peculiar dangers of a locality must use proportionate care to avoid injury. *Gasport* v. *Evans,* 112 Ind., 133 (s.c., 2 Am. St. Rep., 164); *McAdory* v. *L. & N. R. R. Co.,* 109 Ala., 636 (19 South. Rep., 905).

The case of *Meridian* v. *McBeath,* 80 Miss., 485, which appeared to influence the trial judge in refusing to give the peremptory instruction asked by the defendant, is easily differentiated from this case, as that case turned entirely on the doctrine that momentary forgetfulness should not be imputed as a fault and defeat a recovery on the plea of contributory negligence, that plea having no other support than proof of previous knowledge of the defect. Eliminate that one saving feature and McBeath would have fallen into the class of less fortunate suitors in *Hennessey* v. *Vicksburg,* 54 Miss., 391; *Gasport* v. *Evans,* 112 Ind., 133; *McAdory* v. *L. & N. R. R. Co.,* 109 Ala., 636; *Walker* v. *Vicksburg,* 71 Miss., 899.

*J. O. S. Sanders,* for appellee.

On the trial of this case there was but one real issue to be decided—that is, Was the city at fault? And, if so, did Mrs. Kirkwood exercise reasonable care and caution to prevent injury to herself? This was an issue of fact to be passed on by the jury; it was fairly submitted on instructions by the court, and decided against the city.

It is contended that Mrs. Kirkwood was guilty of contributory negligence inasmuch as she failed to see right well on a dark night. We merely observe that it is not customary for ladies, when going to church, to carry a searchlight; and from the undisputed testimony it is manifest that she did all that she reasonably could be expected to do to avoid the injury, and the jury by their verdict have so found.

In support of the various contentions we submit the following authorities:

A municipality is liable for an injury suffered by the occupant of a carriage because of defects in its streets of which it had due notice. *Natchez* v. *Shields,* 74 Miss., 871.

Where, in an action for damages resulting from collision with an obstruction alleged to have been negligently placed in a street, the plaintiff shows momentary forgetfulness on his part of the presence of the obstruction, and the occurrence of incidents calculated to distract his attention at the time, the liability of the municipality depends on the existence of negligence on its part in the location of the obstruction, on the one hand, and the contributory negligence of the plaintiff in colliding with it, on the other; and these are matters of fact to be determined by the jury. *Meridian* v. *McBeath,* 80 Miss., 485.

A municipality may have such constructive or implied notice of defects in its streets as to render it liable for damages resulting therefrom. And where defects in a street could be ascertained by ordinary diligence, it is chargeable with notice of them. *Carver* v. *City of Jackson,* 82 Miss., 585.

The knowledge of the defect does not impose on the plaintiff

the duty of exercising more than ordinary care as determined by the circumstances of the particular case, and it would be error to require the jury to find that the plaintiff exercised extraordinary care.    15 Am. & Eng. Ency. Law (2d ed.), 470; *Meridian* v. *McBeath*, 80 Miss., 485.

TRULY, J., delivered the opinion of the court.

The sole question presented requiring any serious consideration is whether or not, under the circumstances disclosed by this record, appellee was so manifestly guilty of contributory negligence that the court should have instructed the jury peremptorily against her on this point.    An inspection of the record compels us to answer this query in the negative.    That the pavement or sidewalk on which appellee was injured was defective, and, under certain circumstances, unsafe, cannot be gainsaid.    That the city authorities were advised of this condition is not denied.    That the appellee on the occasion in question was using the sidewalk in the customary manner, with due caution, the uncontradicted testimony clearly demonstrates. It is true that she was aware of the defect in the sidewalk; that she knew its locality; that she was on the occasion of the injury not unmindful of its existence nor even temporarily forgetful of its location.    But all this does not necessarily make the mere use of the sidewalk, of and in itself, such negligence as will, by operation of law, prevent recovery.    Every city rests under the legal obligation to maintain its sidewalks in a reasonably safe condition for the use of pedestrians.    This obligation rests as well for passage by night as by day.    The pedestrian is entitled to use the sidewalks at any time, and may at all times rely on the mandate of the law which imposes upon the municipality the burden of exercising a reasonable diligence in the construction and maintenance of its sidewalks, and makes it responsible for all damages resulting from any default in the observance of this duty.    A pedestrian is not required by law to leave the sidewalk and go out into the street under conditions

such as surround the scene of the accident in the instant case, and risk the danger of passing electric cars or chance vehicles, in order to avoid a defective sidewalk which the city has negligently permitted to continue in a dangerous condition after notice of the existence of the defect. It is true that knowledge of the unsafe condition demands an additional degree of care by the pedestrian, commensurate with the danger of the situation; but the testimony of the appellee, which is in no wise discredited, and which bears the impress of perfect truth, shows that she discharged this duty of extra care, and that the injury was solely attributable to the negligence of the city. In view of the extent of the bruises and injury inflicted and the duration of the suffering, the city has cause of gratulation that the verdict was so moderate.

*Affirmed.*