## SARAH PHILLIPS *v.* LOU GARNER.

[64 South. 735.]

ANIMALS. *Monkey. Personal injury. Liability.*

It is the duty of those who own or keep a monkey or other wild animal to do it in such a manner as will absolutely prevent it from injuring others. For any injury they may do to others the person keeping them is liable, without any particular notice that they did any such things before, such notice being conclusively presumed from the nature of the animal.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by Sarah Phillips against Lou Garner. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*S. E. Garner,* for appellant.

REED, J., delivered the opinion of the court.

Lou Garner's monkey bit Sarah Phillips on her leg. Then he scratched her back and hand. She was hurt. She says she was in bed two weeks, was using a crutch and a stick a month, and was unable to work about six weeks. She had to pay a physician for attention and prescription, and to pay over five dollars for medicines.

Lou kept her monkey. in a cage at her house. One morning early he escaped, went to the premises where Sarah lived, and attacked her. The monkey also attacked a girl and a dog while out of his cage on this occasion. After Sarah was injured, Lou caught the monkey, put a chain on him, and carried him back to his cage.

Sarah, in her testimony, gives a graphic description of the attack, her flight, and her fear. She says: "He was a great big old monkey." When asked if the monkey held on long when he bit, she answered: "Yes, sir; I drug him all the way up the steps and into the house. He had me by the leg, by the teeth."

When appellant had introduced all of her testimony, and rested, the trial court granted a peremptory instruction in favor of appellee. We believe this case should have been submitted to the jury.

On the subject of liability by the owner for injuries by wild animals, we take the following from 2 Cyc., p. 367: "It is the duty of those who own or keep them to do it in such a manner as will absolutely prevent the occurrence of an injury to others through such vicious acts of the animals as they are naturally inclined to commit. For any injury they may do to others, the person keeping them is liable, without any particular notice that they did any such things before; such notice being conclusively presumed from the nature of the animal."

"Whoever owns or keeps animals of a kind likely to do harm does so at his peril, and is liable, on proof of damage, without further proof of negligence. 'If they are such as are naturally mischievous, he shall answer for hurt done by them, without any notice.'" Hale on Torts, p. 459.

The case of *May* v. *Burdett*, Eng. Rep., Full Reprint, vol. 115, p. 1213, 9 Q. B. 101, is a leading case on this subject. In that case a woman was bitten by a monkey, and the owner held liable. It was decided therein that the owner, if he would keep the animal, was bound to keep

it secure at all events. In 1 Hale's Pleas of the Crown, 430, the author, in referring to the liability of the owner for injuries done by a wild animal, says: "Though he has no particular notice that he did any such thing before, yet if it be a beast that is *ferae naturae,* as a lion, a bear, a wolf, yea an ape or monkey, if he get loose and do harm to any person, the owner is liable to an action for the damage, and so I knew it adjudged in Andrew Baker's case, whose child was bit by a monkey, that broke his chain and got loose. And therefore, in case of such a wild beast, or in case of a bull or cow, that doth damage, where the owner knows of it, he must at his peril keep him up safe from doing hurt, for though he use his diligence to keep him up, if he escape and do harm, the owner is liable to answer damages."

In the case of *Molloy* v. *Starin,* 191 N. Y. 21, 83 N. E. 588, 16 L. R. A. (N. S.) 445, 14 Ann. Cas. 57, the court said that the liability of an owner of a wild animal is absolute, and he is bound to keep the animal secure, or he must suffer the penalty for his failure to do so in making compensation for the mischief done, citing *Muller* v. *McKesson,* 73 N. Y. 195, 29 Am. Rep. 123.

We take the following from the note to the case of *Molloy* v. *Starin,* in 14 Ann. Cas. 57: "In an action against the owner or keeper of a wild animal for injuries inflicted by such animal, it is an established rule of pleading that it is not necessary to aver negligence in the owner or keeper, as the gist of the action is the keeping of the wild animal, and the burden is upon the owner or keeper to refute the implied imputation of negligence arising from having the animal in his possession. *Congress, etc., Spring Co.* v. *Edgar,* 99 U. S. 651, 25 L. Ed. 488; *Jackson* v. *Baker,* 24 App. D. C. 100. And it has been held that it is not necessary to show that the owner of a wild animal was negligent in permitting the animal to be at large, as he is bound to keep it secure at his peril. *Hayes* v. *Miller,* 150 Ala. 621, 43 So. 818 [11 L. R. A. (N.

S.) 748], 124 Am. St. Rep. 93. It has been held that it is not necessary to show that the owner had knowledge of the vicious nature of a wild animal causing injury, as he is conclusively presumed to have had such knowledge. *Hayes* v. *Miller,* 150 Ala. 621, 43 So. 818 [11 L. R. A. (N. S.) 748], 124 Am. St. Rep. 93. See, also, *Laverone* v. *Mangianti,* 41 Cal. 138, 10 Am. Rep. 269; *Moss* v. *Pardridge,* 9 Ill. App. 490.''

In the case of *Copley* v. *Wills* (Tex. Civ. App.), 152 S. W. 830, the court held the owner of a monkey, which was permitted to run at large in a museum, liable for damages resulting from its biting a boy, holding in the case that the monkey was an animal of a wild nature or disposition, and that it should be so kept as to prevent its injuring a person.

Lou Garner should not have permitted her monkey to run at large. She should have kept it confined and secure, so that it would do no harm. It was at large and did harm. She is answerable in damages for the hurt it has done.

*Reversed and remanded.*