## HIGGINBOTTOM *v.* VILLAGE OF BURNSVILLE.

[74 South. 133, Division B.]

1. MUNICIPAL CORPORATIONS. *Injury from defective streets. Question for jury.*

    Where in a suit against a municipality, the evidence showed that plaintiff, while riding horseback along one of its streets at night, sustained injuries by his horse stepping into a gully in such street, the existence of which was known to the municipal authorities, and was also known to plaintiff, who thought he had passed the place where the gully was. In such case a peremptory instruction for defendant was erroneous.

2. SAME.

    Under the facts in this case the court held that plaintiff at the time of the accident, was acting with due care.

3. MUNICIPAL CORPORATIONS. *Condition of streets. Care required.*

    While municipalities are not insurers of the safety of their streets, there can be no question about their duty to keep streets in a reasonably safe condition for persons traveling in the usual way and exercising due care for their safety. In meeting this obligation, the municipality should not neglect any portion of the street, but should see that the street from side to side is reasonably safe.

4. SAME.

    While the size of the municipality and the amount of travel and trafic over the streets are circumstances which the jury may consider in determining the negligence of the corporation these circumstancs would not relieve the defendant of liability under the case made in this record.

5. SAME.

    Generally the question of whether a street in the suburbs of a village is or is not defective is a question of fact for the jury deliberating under proper instructions from the court.

APPEAL from the circuit court of Tishomingo county.
HON. CLAUDE CLAYTON, Judge.

Suit by R. M. Higginbottom against the village of Burnsville. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. J. Lamb,* for appellant.

Counsel for appellee, in their brief, admit that there was a defect in the culvert and that the city had knowledge of the defect; that the defect had been there for several months before the injury occurred, and the village had actual notice; and if it had not actual notice, the defect had been there long enough for the village to have had constructive notice.  These admissions on the part of the attorneys for appellee leave nothing to go before the court except the principles of law applicable to the case.

Counsel for appellee cite the case of *Meridian* v. *Crook,* 69 So. 182, and ask for an affirmance of the case at bar, because of the decision in that case.  The opinion of the court in the case of *City of Meridian* v. *Crook,* shows wherein the case is different from the case of *City of Natchez* v. *Lewis,* 90 Miss. and *Birdsong* v. *Mendenhall,* 97 Miss.

The case at bar comes squarely within the doctrine laid down in the case of *City of Natchez* v. *Lewis,* for the testimony in the case at bar shows that this culvert had been defective for a year and had washed out a hole eleven inches deep, and one-third of the way across the width of the public highway, and the village had actual notice of its defective condition, and had failed to repair the same.

The case of *Birdsong* v. *Mendenhall,* 97 Miss. 544, sustains the contention of the appellant in the case at bar, and in delivering the opinion of the court in the case of *City of Meridian* v. *Crook,* the court deals at length in drawing the distinction between the Crook case and the case of *City of Natchez* v. *Lewis,* and *Birdsong* v. *Mendenhall.*

In the *Birdsong* v. *Mendenhall case* the record shows that Birdsong had knowledge, and knew of the dangerous condition of the street, and this court said in that case: "But this was not sufficient to preclude a recovery against the town for the injury sustained.  Of course, his knowledge of the condition of the street was a factor in the

son injured thereon until it is first shown that the person so injured was, at the time of his injury, in the exercise of due care for his own safety. To state the proposition another way, before a person can be permitted to recover of a municipal corporation for injury sustained by him on account of a defect in its streets, he must not only show that the defect existed and that the municipal authorities had either actual or constructive knowledge of the defects, but he must go further and show that at the time of his injury he was exercising due care for his own safety. 22 Cyc., page 1358.

The rule is admirably stated in Vol. 2 of Elliott on Roads and Streets, sec. 793. As we have heretofore said, and as it seems necessary for the sake of clearness to here repeat, cities are not insurers of the safety of their streets and alleys. They are simply required to keep them in reasonably safe condition for persons travelling in the usual modes by day and by night, and exercising ordinary care. It will be seen that all the authorities, without any exception so far as I have been able to find, hold that the municipality is liable for defects in its streets of which they have actual or constructive knowledge only when the person so using them is in the exercise of due care for his safety. *City of Meridian* v. *Crook,* 69 So. 182.

Again the appellant was charged with a higher degree of care under the circumstances than he would have been required to exercise in the daytime. He says that he was familiar with the location of this place in the daytime but he was traveling after dark and it was his duty to exercise even a greater caution after night. 28 Cyc., page 1431.

In the case of *Town of Union* v. *Heflin,* 61 So. 652, Judge Cook in delivering the opinion of the court, uses the following: "Besides all this, there is no evidence to show that plaintiff was using due care, except she was walking along the ordinary way; that she did not know of, or discover, the defect; that she was familiar with the conditions before the accident, and had not observed any

case for the consideration for the jury in determining whether or not, in view of this knowledge, he was exercising the ordinary prudence at the time interpreted in the light of his knowledge. Citizens of a town are not prohibited from the use of a street or sidewalk by the mere fact that the authorities have allowed it to get into a defective condition, even when they know the street is defective; but they may continue to use the street unless its defect consists in such bad state of repair as makes the very use of the street, with the knowledge, however great the care exercised, attendant with great danger.

This is not a case where there should have been a peremptory instruction for the defendant, but it should have gone to the jury." *Birdsong* v. *Mendenhall,* 97 Miss. 547-548.

We respectfully submit that this case is a conclusive authority for our contention that the case at bar should have gone to the jury.

*W. C. Sweat,* for appellee.

It is conceded in the outset in this case that there was a defect in this street in the village of Burnsville and according to the record in this case that this defect had existed for some time, for several months at least, and whether or not the village authorities had had this defect called to their attention, according to the testimony, it had probably been there long enough that the village authorities would be charged with knowledge of its existence.

It will be conceded, also, that the village authorities are charged with the exercise of reasonable diligence in the keeping of its streets reasonably safe for the purpose of which said streets are devoted and for the use of persons traveling thereon in the usual and ordinary modes, either by day or night. While it is true that municipalities are charged with the duty of keeping their streets in a reasonably safe condition, it is equally true that the city will never be required to respond in damages to any per-

defects in the walk which required care—all of which, in our opinion, establishes the undisputed non-negligence of the defendant.''

In effect' holding that, before she could establish her right to recover, it was incumbent upon her to show due care on her part. *Birdsong* v. *The Town of Mendenhall,* 52 So. 795.

If the court refuses to allow the peremptory instruction to stand in the case at bar, it will do so for the reason alone that a defect existed in a street, and this cannot be coupled with the fact that the appellant was exercising proper care for his own safety at the time, which is always necessary, according to my understanding of the law as it is laid down by the text writers and as has been held in all the cases which have been decided by this court without a single exception, so for as I know or have been able to find.

This being the case, our comparative negligence statute can have no bearing whatever. Our comparative negligence statute does not change the rule with regard to municipalities that a person must exercise proper care for his own safety before he can be allowed to recover. Unless the injured party was in the exercise of ordinary care for his own safety at the time of the injury, his want of care was the proximate cause of the injury and the comparative negligence statute does not apply unless the negligence of the defendant was one of the proximate cause of the injury. 1 Thompson on Negligence, sec. 272.

For these reasons, we submit that the action of the court below in granting a peremptory instruction was not error, and that the case should be affirmed.

STEVENS, J., delivered the opinion of the court.

Burnsville, in Tishomingo county, is a village duly incorporated. Fulton or Jefferson street leads from the center of the town in a northerly direction. Across this street near the corporate line was a bride or culvert, duly placed by the municipal authorities. At one end and on the south

side thereof was a large hole, or depression, that had been washed out and of considerable size. It is difficult to gather from the evidence the exact measurements of this gully. It appears, however, that the "straight down part" was eleven and one-half inches deep, and that from the top of this perpendicular portion the depression gradually sloped several inches upward to the main level of the street. This gully was about two feet wide and extended across about one-third of the twenty-foot street. It appears, further, that the little bridge or culvert had become very much dilapidated, broken, and worn, and at the south side some of the planks were broken off. It seems that the passageway for the water had become filled with dirt and other obstructions, and the water had been forced to break over on the side of the culvert, and thereby to wash out the gully referred to. In November, 1914, about six thirty or seven o'clock in the evening, and just after it became dark, appellant, in company with two friends, was riding south on this street coming into the village. Appellant testifies that he was perfectly familiar with the defect in the street, but on the night of the injury complained of thought he had passed the danger point. The horse upon which he was riding stepped into the hole or onto the broken place on the bridge and fell, throwing appellant some eight or ten feet and breaking his arm, and otherwise severely injuring him. As a result of this injury appellant was unconscious for a day or so, was confined to his bed for a week, and for a long time unable to do any kind of labor. The defective bridge had been in this condition for several months before the injury, and the existence of this broken culvert and hole in the street was well known to the municipal authorities, so much so that one party had requested and insisted upon the authorities repairing the defect. At the conclusion of plaintiff's testimony, appellee moved to exclude the plaintiff's evidence and to grant it a peremptory instruction. This motion was by the court sustained, and from the judgment en-

tered in pursuance of this instruction appellant prosecutes this appeal.

Counsel for appellee frankly concede that the defect in the street which caused the injury complained of had existed for several months, and that the municipal authorities were charged with notice thereof. The only way in which appellee justifies the propriety of the peremptory instruction granted by the trial court is the contention that the plaintiff was not in the exercise of due care and caution for his own safety. It is contended by appellee that before plaintiff can recover he must show that at the time of his injury he was exercising due care, especially when he knew of the admitted defect over which he was to travel. In view of this argument we have carefully examined the testimony of plaintiff and his witnesses, and find the positive testimony of plaintiff himself that his horse was in a ''slow trot,'' and that plaintiff thought he had passed the dangerous place. Plaintiff and his two companions were each riding horseback, and at the time of the injury almost abreast. Plaintiff says:

''I thought we had passed it; but it was a little dark and I turned out to the right of this young man, and it was between me and the other one a little bit,'' and ''it was tolerable dark.''

The testimony further shows that wagons and other vehicles could not cross this ditch or gully into which plaintiff's horse stepped, but were compelled to go around to one side and somewhat out of the beaten way. The proof is abundant to show that plaintiff's horse did step into the hole and fell. The fact that a good saddle horse did in fact stumble or fall by reason of the defect is a strong circumstance that the street was in bad condition. The proof is also abundant to show that plaintiff was seriously and permanently injured.

While the sole point stressed by counsel for appellee in his brief is the alleged want of due care on the part of plaintiff, in the oral argument counsel relied on *City of Meridian* v. *Crook,* 109 Miss. 700, 69 So. 182, L. R. A.

113 Miss.—15

1016A, 482. The facts make the particular case; and the facts of the instant case are altogether different from the facts that controlled the Crook Case.

While municipalities are not insurers of the safety of their streets, there can be no question about their duty to keep streets in reasonably safe condition for persons traveling in the usual way and exercising due care for their safety. In meeting this obligation the municipality should not neglect any portion of the street, but should see that the street from side to side is reasonably safe.

It is true that the village of Burnsville is a small place. Counsel assert that it has only three hundred and fifty or four hundred inhabitants. While the size of the municipality and the amount of travel and traffic over the streets are circumstances which the jury may well consider in determining the negligence of the corporation, these circumstances would not relieve the village of liability under the case made by this record.

Generally the question of whether the street in the suburbs of a village like this is or is not defective must be regarded as a question of fact for the jury, deliberating under proper instructions from the court. It was accordingly error on the part of the learned circuit judge in excluding the plaintiff's evidence and granting the peremptory charge.

*Reversed and remanded.*