## ANDREW   KUENZEL   v.   CITY   OF   ST.   LOUIS, Appellant.

### Division One, June 2, 1919.

1.  **CITY: Governmental Capacity: Pavilion in Park.**   The establishment and maintenance of a park is the exercise of a proprietary function of a municipality, and in providing a pavilion in the park, furnished with a rest room and a women's toilet, in the passageway to which a visiting woman was injured, due to defective construction, the city was not acting in its governmental capacity.

2.  **NEGLIGENCE: Fracture of Hip: Proximate Cause of Death from Pneumonia: Substantial Evidence.**   The appellate court will not rule that the fracture of the hip and other serious injuries to a woman above fifty years of age, received in a fall in July, were not the proximate cause of her death from pneumonia in September, if there was substantial evidence from experts that such physical injuries sometimes superinduce pneumonia, and the facts and circumstances disclosed at the trial were such as rendered it proper to submit the question to the jury.

3.  **HYPOTHETICAL QUESTION: No Evidence: Refusal.**   Where the relevant evidence tended to show that the death of plaintiff's wife resulted from bronchial pneumonia, it was not error to refuse a hypothetical question asked by defendant whether, upon the facts assumed, her death could have been caused by lobar pneumonia.

4.  **NEGLIGENCE: Remedying Defective Construction.**   Where there was a passage way from the rest room to the women's toilet room, entered by a door, and in which were three descending steps, of which plaintiff's wife had no knowledge, and there was no light in the passage way, and in passing from the rest room to the toilet she fell down these steps and was injured, it was not proper to permit plaintiff to show that a railing was subsequently placed on the side of the steps where the injury occurred; but if the only witness called to prove the fact that such railing was installed answered that he did not know, the question was harmless.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner,* Judge.

AFFIRMED.

*Charles H. Daues* and *Everett Paul Griffin* for appellant.

(1) The operation of a toilet room and a rest room, even though it is in a public park, is a governmental function for the health and comfort of the people of the city, from which the city derives no profit. These facts were established by plaintiff's evidence, and the court should have given the instruction asked for by the defendant at the close of the plaintiff's case, and renewed at the close of the entire case, in the nature of a demurrer to the evidence. Bolston v. Lawrence, 225 Mass. 387; Behrman v. St. Louis, 273 Mo. 578; Cassidy v. City of St. Joseph, 247 Mo. 197; 6 McQuillin, Mun. Corps. sec. 2625, p. 5504; Wilkes v. Caruthersville, 162 Mo. App. 492; Thomas v. Kennett, 178 S. W. 254; Mortaugh v. City of St. Louis, 44 Mo. 479; Ulrich v. City of St. Louis, 112 Mo. 138. (2) The evidence in the case showed that the plaintiff's wife's death was not caused by the defendant, but that her death resulted from pneumonia, which did not manifest itself until four days before she died, which was two months and one day after she sustained a fractured hip, after the splint had been taken off her leg, and after she was able to sit up in a chair, and after her fractured limb had to all appearances healed. The court should, under this testimony, have given the instruction in the nature of a demurrer to the evidence at the close of plaintiff's case, and which was renewed at the close of the entire case.

*Muench, Walther & Muench* for respondent.

(1) The City of St. Louis holds its parks in its private and not in its political or governmental ca-

pacity. State ex rel. v. Schweickhardt, 109 Mo. 497;
Capp v. City of St. Louis, 251 Mo. 345; Carey v.
Kansas City, 187 Mo. 715; 3 McQuillin on Municipal
Corp. sec. 2678; Gartland v. N. Y. Zoological Soc.,
120 N. Y. Supp. 24; Bartholdt v. Philadelphia, 154
Pa. 109; Weber v. Harrisburg, 216 Pa. 117; Silverman
v. City of N. Y., 114 N. Y. Supp. 59; City of Denver
v. Spencer, 34 Colo. 270; Canon City v. Cox, 133 Pac.
(Cal.) 1040. Part of the building in which plaintiff's
wife was injured was rented out for a refreshment
stand. The building was also used in connection with
the lake, upon the bank of which it stands, and the
boating privilege was let by the city. Therefore, even
if the building had been used by the city for govern-
mental purposes, yet by so renting out parts of the
building, the city forfeited its exemption from liability
for the proper maintenance of the property. Little v.
City of Holyoke, 177 Mass. 114; Oliver v. Worcester,
102 Mass. 489; Denver v. Spencer, 34 Colo. 270. The
public comfort building in question is provided for the
convenience of the people frequenting the park and
is merely an incidental use of the park. (2) The
evidence established that the bronchial pneumonia which
was the immediate cause of the death of plaintiff's
wife was superinduced by the fracture of her hip, caused
by defendant's negligence. The question of proximate
cause of her death was for the jury. Lyons v. Railroad,
89 Hun. 374; Beauchamp, Admr., v. Saginaw Mng.
Co., 50 Mich. 163; Hartzler v. Railroad, 140 Mo. App.
665; Seckinger v. Mfg. Co., 129 Mo. 603; Hanlon v.
Mo. Pac. Ry. Co., 104 Mo. 381; Thomas v. Railroad,
187 Mo. App. 420; Gray v. Railroad, 153 Wis. 648;
Finer v. Nichols, 175 Mo. App. 541; Arnold v. Mary-
ville, 110 Mo. App. 261; Luisi v. Ry. Co., 136 N. W.
(Ia.) 322; San Antonio G. & E. Co. v. Ocon, 130 S. W.
846.

BOND, C. J.—Action to recover damages for personal injuries resulting in the death of plaintiff's wife, due to the alleged negligence of the defendant.

The City of St. Louis, defendant herein, owns and maintains a park in the northeastern part of the city known as O'Fallon Park. On the bank of a small lake in this park is a two-story pavilion used as a boathouse, and for shelter, rest and refreshment. Opening from a large room on the main floor used as a lounge, there is a passageway leading to the women's dressing room. Above this doorway, in large letters, is the word "Women," and three feet inside this doorway is a flight of three steps descending to the level of the women's dressing and toilet room.

The evidence tends to prove that on the afternoon of July 12, 1914, about seven o'clock and shortly before sunset, Francisca Kuenzel, plaintiff's wife, a woman in her late fifties, accompanied by a friend, entered this passageway on her way to the women's dressing room. Being unfamiliar with the building and having no knowledge of the steps inside the doorway, and the electric bulb that is placed in the ceiling to light the passageway being unlighted, she lost her balance and fell, fracturing her hip and sustaining other serious injuries. She was thereafter confined to her bed until the 19th day of September, when she died after a six-day attack of pneumonia, which the medical experts stated sometimes follows a fracture.

Defendant's answer was a general denial, coupled with a plea of contributory negligence.

The jury found for plaintiff and assessed his damages at the sum of fifteen hundred dollars, and from a judgment entered in accordance therewith defendant appealed.

I. The first point made by appellant is that the city was acting in its governmental capacity in providing a pavilion furnished with a rest room and ladies'

Governmental Capacity.

toilet room in its public park. We think not. These conveniences were, primarily, if not exclusively, for the benefit of persons who frequented the park. In fact, their existence in the park was essential to its use as a place of recreation and comfort. Without such necessities the park would be ill-adapted to the use of both sexes. That the establishment and maintenance of the park is the exercise of a proprietary function of a municipality has often been decided in this State. [State ex rel. v. Schweickhardt, 109 Mo. 1. c. 512; Carey v. Kansas City, 187 Mo. 715; Capp v. City of St. Louis, 251 Mo. 345.] There was no error on the part of the trial court in overruling appellant's demurrer to the evidence based on the above contention.

II. The next error assigned is that there was no evidence that the death of plaintiff's wife from pneumonia in September was caused by the fracture of her hip in July. Whatever might be our own view of the causative relation of these two happenings, it is sufficient to say that the facts and circumstances disclosed on the trial rendered it proper to submit to a jury the question of the relativity of the two events and whether the first was the proximate cause of the last, and their finding concludes this question of fact in this court.

Proximate Cause.

III. Complaint is made of the refusal of the trial court to permit appellant to put a hypothetical question as to the cause of the death of plaintiff's wife. The proposed inquiry was whether upon the facts assumed her death could have been caused by lobar pneumonia. The court excluded the question because there was no evidence that this particular kind of pneumonia caused her death. On that point the relevant evidence tended to show that her death resulted from bronchial pneumonia. That ruling is sustained by the record and hence no error is predicable thereon.

Hypothetical Question.

IV. It is finally insisted that the court erred in permitting plaintiff to show that a railing was subsequently placed on the side of the steps where the injury occurred. This would have been error except for the fact that the witness called by plaintiff to make such proof, answered: "I do not know." The question was thereby rendered harmless. ·

*Subsequent Precaution.*

Finding no reversible error in the record the judgment of the trial court is affirmed. It is so ordered. *Blair, P. J.,* and *Graves, J.,* concur; *Woodson, J.,* absent.