No. 10,163.

### CITY OF FORT COLLINS *v.* ROTEN.

Decided November 6, 1922.

Action in damages for personal injuries.   Judgment for plaintiff.

### *Affirmed.*

1.  PERSONAL INJURIES—*Evidence—Changed Conditions.*   In an action for personal injuries, where the jury visited the scene of the accident, it was not error to permit the introduction of evidence of changed conditions in the apparatus, on which the injury occurred, between the time of the accident and the time the jury saw it.

2.  MUNICIPAL CORPORATIONS—*Damage—Notice.*   In an action for personal injuries occurring on a chute erected by a city for amusement purposes, the city having constructed the chute knew its condition, and it was not necessary that it have notice of defects, or faulty construction, no question of disrepair being involved.

3.  NEGLIGENCE—*Contributory—For the Jury.*   In the case under consideration, the question of whether or not plaintiff was negligent, was for the jury.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. FRANK J. ANNIS, for plaintiff in error.

Mr. FANCHER SARCHET, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error was plaintiff below and had a verdict and judgment against the city of Fort Collins for negligently causing an injury received by him while sliding down a chute constructed for the amusement of children

in one of the parks of the city. He was seated in the chute sliding backwards with his palms on the outside of it when a ring which he wore caught on a projecting bolt and tore his finger off. The negligence charged was permitting the bolt to project.

Three points are argued: 1. Objection is made to the admission of evidence that the bolt was filed off after the accident and before trial. 2. It is claimed that there was no proof of notice to the city of the defect, nor of any failure to observe proper care in the installment of the apparatus. 3. That plaintiff was guilty of contributory negligence in sliding backwards with his hands on the sides instead of on the top railing, and in using the chute at all, he being twenty-two years old and the apparatus being intended for children.

As to the first point: The jury viewed the premises, and the evidence was properly received to show that the bolt as they saw it was not as it was at the time of the injury.

Upon the second point: The city put up the chute; it therefore had notice of its condition. There was no question of disrepair. The city's duty was to use reasonable care to make the contrivance safe for the purpose for which it was to be used. Whether it did so was for the jury to say.

In regard to the third point: Whether the plaintiff was using the chute in a negligent manner or was negligent in using it at all was for the jury. The instruction requested by defendant on this point was practically equivalent to a directed verdict; indeed, defendant's counsel has so argued it in his brief. But we think that the case was not one for such action by the court, but that the question of contributory negligence was submitted to the proper tribunal. It cannot be said as a matter of law that plaintiff was negligent.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.