BYRNES *v.* CITY OF JACKSON.*

(Division B.   Nov. 16, 1925.)

[105 So. 861.   No. 25027.]

1. MUNICIPAL CORPORATIONS. *City maintaining zoo in park responsible for negligence of agents causing injury by wild animals.*

   A city maintaining a zoo in a public park, keeping therein wild and dangerous animals, is responsible in damages for the negligence of its officers and agents by which persons visiting the park are injured by such wild animals.

2. NEGLIGENCE. *Contributory negligence not complete defense under statute.*

   Where in such case the city is negligent with reference to such animals so inflicting injuries, the fact that the person injured was also guilty of negligence contributing to the injury will not defeat the right of action under section 502, Hemingway's Code (Laws of 1910, chapter 135), providing for the diminishing of damages in such cases in proportion to the negligence of the plaintiff and the defendant.

3. NEGLIGENCE. *Contributory negligence for jury.*

   Under Hemingway's Code, section 503 (Laws 1910, chapter 135), questions of negligence and contributory negligence are for jury.

---

*Headnotes 1. Municipal Corporations, 28 Cyc., p. 1270; 2. Negligence, 29 Cyc., p. 561; 3. Negligence, 29 Cyc., p. 640.

APPEAL from circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Action by Mrs. R. A. Byrnes against the city of Jackson. From a judgment dismissing plaintiff's action, aft-

er sustaining defendant's demurrer to the declaration, plaintiff appeals.   Reversed and remanded for new trial.

*Powell, Harper & Jiggitts,* for appellant.

I.   It is a recognized and general rule of law that those who keep animals *ferae naturae* must keep them at their peril.   *Phillips* v. *Lou Garmer,* 106 Miss. 828; *Ammons* v. *Kellogg,* 102 So. 562.

II.   The maintenance and operation of a park is a private corporate function, a ministerial duty.   And for negligence in the maintenance and operation of its park, a city is liable.   *Norberg* v. *Hagna,* 195 N. W. 438; *Kokomo* v. *Loy,* 185 Ind. 18; *Bloom* v. *Newark,* 3 Ohio N. P. (N. S.) 480; *Capp* v. *St. Louis,* 251 Mo. 345; *Denver* v. *Spencer,* 32 Colo. 270; *Indianapolis* v. *Baker,* 72 Ind. App. 323; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 264; *Webber* v. *Harrisburg,* 216 Pa. 117, 64 At. 905; *Berthold* v. *Philadelphia,* 154 Pa. 109, 26 Atl. 304; *Andarko* v. *Swain,* 42 Okla. 741, 142 Pac. 1104; *Ft. Collins* v. *Roten,* 72 Colo. 182; *Roulier* v. *Magog,* Rap. Jud. Quebec, 37 C. S. 246; *Canon City* v. *Cox,* 55 Colo. 264; *Sarber* v. *Indianapolis,* 72 Ind. App. 594, 126 N. E. 330; *Silverman* v. *New York,* 114 N. Y. Supp. 59; *Van Dyke* v. *Utica,* 196 N. Y. Supp. 277; *Keunzel* v. *St. Louis,* 278 Mo. 277, 212 S. W. 876; *Boise Development Co.* v. *Boise City,* 30 Idaho 675; Abbott on "Municipal Corporations," page 2255.

III.   The law in Mississippi is that a municipal corporation is liable for negligence in the maintenance and operation of its sewerage and drainage system.   *Fewell* v. *Meridian,* 90 Miss. 380, 43 So. 438; *Thompson* v. *Winona,* 96 Miss. 591; *Mary Semple* v. *Vicksburg,* 62 Miss. 637; *Vicksburg* v. *Richardson,* 90 Miss. 1.

IV.   The supreme court of Mississippi has held that a municipality is liable for negligence in maintaining a hog pound.   *Crawford* v. *D'Lo,* 119 Miss. 28, 80 So. 377.

V. It is settled law in this state that a municipality is liable for negligence in the maintenance and operation of its streets and highways. *Whitfield* v. *City of Meridian,* 66 Miss. 570; *City of Vicksburg* v. *Walter McLain,* 67 Miss. 4; *Nesbitt* v. *City of Greenville,* 69 Miss. 22; *Carver* v. *City of Jackson,* 82 Miss. 583; *City of Pascagoula* v. *Kirkwood,* 86 Miss. 630; *Pass Christian* v. *Fernandez,* 100 Miss. 76, 56 So. 329; *Mrs. Vina Harding et al.* v. *City of Corinth,* 105 Miss. 99, 62 So. 6; *Saxon* v. *Town of Houlka,* 107 Miss. 161, 65 So. 124; *Higgenbottom* v. *Village of Burnsville,* 113 Miss. 219; *Harralson* v. *City of Vicksburg,* 101 So. 713; *Atkinson* v. *Decatur,* 131 Miss. 707, 95 So. 689.

VI. In giving to a municipality full jurisdiction in the matter of streets, etc., our legislature has seen fit to include parks along with sidewalks and sewers, as though they were matters of a similar nature. Hemingway's Code, section 5825.

VII. Mississippi should follow the New York rule as to the liability of a city for its negligence in the maintenance and operation of its parks. *Kokomo* v. *Loy,* 185 Ind. 18; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 264; *Norberg* v. *Hagna,* 195 N. W. 438; *Capp* v. *St. Louis,* 251 Mo. 345.

VIII. To hold that a city is not liable for negligence in the maintenance and operation of its parks would be to destroy the usefulness of the parks. It would defeat their very purpose. *Capp* v. *St. Louis,* 251 Mo. 345.

*Green, Green & Potter,* for appellee.

We admit at the outset that a city's acts are divided into two classes: (1) Those governmental in their nature, for which the city is not liable; (2) Those where the city acts in a private corporate or proprietary capacity, for which the city is liable for the negligent acts of its servants under the doctrine of *respondeat superior.*

There is a wide diversity of opinion among the American courts as to within which class the maintenance of a park falls. But we submit that those courts holding that a city is acting within its governmental capacity, as distinguished from its private corporate capacity, are supported not only by the numerical weight of authority, but also by the best reasoning.

Aside from the care and maintenance of its streets, which at least one court of last resort has denominated as an "illogical exception," the rule seems to be firmly established that if the city, as a corporation, is deriving any pecuniary gain or special advantage from any particular activity, that it is acting within its private corporate function, for which it is liable for the negligent acts of its servants; but where it is performing a public duty, or exercising a power from which the city, as such, derives no gain or advantage; but the act, duty or power is exercised for and on behalf of the general public, then the city is acting within its governmental function, for which it is not liable. 19 R. C. L. 1111.

All of the textbooks recognize that there is an irreconcilable conflict of authority as to what is or is not a governmental as contra-distinguished from a private function of a municipality. Dillon on Municipal Corporations (5th Ed.) par. 2890; *Louisville Park Commissioners* v. *Prinz,* 127 Ky. 480.

*Clarke* v. *Walthall,* 128 Mass. 567, held that a person could not recover damages for injuries sustained on a path in a public commons, even though under the statutes of Massachusetts a party could have recovered damages for an injury sustained in the public highway, caused by the negligence of the municipal authorities.

*Steele* v. *Boston,* 128 Mass. 583, held that the city of Boston was not liable for injuries caused a person on the Boston commons by coming into collision with a sled on one of the paths upon which the city had permitted men and boys to coast in the winter season. In *Blair* v. *Granger,* 24 R. I..17, where the plaintiff brought

an action against the city to recover damages for personal injuries sustained while driving through a public park of the city, his horse being frightened by the negligent use and operation of a steam roller which was being used to construct or repair one of the drives, the court held that the city in the care and maintenance of its park system was acting in a governmental capacity, for which it was not liable. See to the same effect: *Russell* v. *Tacoma,* 8 Wash. 156, holding that in the care, maintenance and control of the park, the city exercised a power conferred upon it for the public good, and not for profit or special corporate advantage. *Burnstein* v. *Milwaukee,* 158 Wis. 576, 149 N. W. 382, L. R. A. 1915 C, 435.

City maintaining a playground for children is not liable, under the theory that it is maintaining and performing a public function. *Bisbing* v. *Asbury,* 78 At. 198. In *Harper* v. *Topeka,* 139 Pac. 1018, 51 L. R. A. (N. S.) 1032, based on a boy's drowning while skating on a pond, maintenance of a park is a governmental function. The city as a corporation derives no benefits therefrom; but the park is maintained for the benefit of the public without regard to residence. *Nashville* v. *Burns,* 131 Tenn. 281, 174 S. W. 1111, municipal corporation held not liable for injuries to child by other children's negligent use of a swing on public playground. *Ackeret* v. *Minneapolis,* 129 Minn. 190, 151 N. W. 976, in establishing, caring for and maintaining public parks, municipalities act in their governmental and not in their proprietary capacity. See, also, *Lincoln* v. *Boston,* 3 L. R. A. 257; *Pope* v. *New Haven,* 99 Atl. 51, L. R. A. 1917B, 1239; *Kerr* v. *Brookline,* 208 Mass. 190, 94 N. E. 257, 34 L. R. A. (N. S.) 464.

The city was in the performance of a governmental function when it established and maintained the zoo mentioned in plaintiff's declaration, and for that reason it could not be in any way held liable for the negligent acts of the servants mentioned therein. In *Guizzi* v. *New York Zoological Society,* 182 N. Y. 258, Zoological

Society was held not liable for an injury caused by a bear.

II. *The declaration shows on its face that the negligence of the plaintiff was the sole proximate cause of the injury complained of.* The keeper of a wild animal is ordinarily an insurer against its harming any one. In other words, the owner of an animal *ferae naturae* is bound to keep the same caged at all times. This is a matter of common knowledge, and, as such, is conclusively presumed to be known to all persons of mature age; and, therefore, it is conclusively presumed to have been known by the plaintiff. Where a bear is chained to a stake, this is in and of itself notice that it is a ferocious animal. Beyond a radius of possibly ten feet from this stake the plaintiff was in a position of absolute safety. Bear in mind, if you will, the conclusive presumption that persons of mature years know that these animals are liable to revert to their original ferocious nature and attack human beings; bear in mind, if you will, that here is an adult, in full possession of all her faculties, walking wilfully and deliberately out of the safety zone and into the danger zone, with all of these facts known to her. Remembering this, can it be said that the injury complained of was occasioned by aught but the plaintiff's own negligence, as shown by the declaration itself?

Assuming, for the purpose of this argument, that the city was negligent, then the negligence of the city was not the proximate cause. *Fuller* v. *Illinois Central R. R. Co.*, 100 Miss. 706, at 718.

The adjudicated cases all lay down the rule that where an animal is securely fastened or caged and a person with ordinary faculties places himself within reach of such animal, the injury, if one occurs, is attributable solely to the negligence of the party injured, and there can be no recovery. *Guizzi* v. *New York Zoological Society, supra; Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNalley*, 73 N. Y. 347; *Ervin* v. *Woodruff*, 119 App. Div. 603-604. The Woodruff case is a case on all-fours

with the case at bar and should be followed.  *Opelt* v. *Barnes*, 183 Pac. 242, is also in point.

In *Tolin* v. *Terrell*, 117 S. W. 295, our old friend, the mule, was brought into court, and the court held that whoever came within kicking distance of the mule did so at his peril, and that his negligence in going within the reach of danger was the sole cause of injury.

In this case, there can be no question but that even though the city was negligent in chaining the bear in the position, the defendant had a clear opportunity of avoiding the injury, notwithstanding the city's negligence; and we, therefore, submit that she is not entitled to recover damages upon the allegations alleged in the declaration and that the trial court was eminently correct in sustaining the demurrer thereto.

*Powell, Harper & Jiggitts,* in reply for appellant.

I.  *The declaration does not show on its face that the negligent act of the plaintiff was the sole cause of her injury.  On the contrary the declaration clearly shows on its face that the injury complained of was due to the gross negligence of the defendant.*  Under *Sarah Phillips* v. *Lou Garner,* 106 Miss. 828, the city of Jackson was under the absolute duty of preventing its wild animals from injuring others.  This rule of absolute liability as to wild animals was recently upheld in *Ammons* v. *Kellogg,* 102 So. 562.

Assuming, merely for the sake of argument, that the plaintiff, Mrs. Byrnes, was in some small degree guilty of contributory negligence, that fact would be no bar to a recovery in this suit.  It is well established in the state of Mississippi that contributory negligence is not a bar to recovery.  *Y. & M. V. R. R. Co.* v. *Williams,* 114 Miss. 236, 74 So. 835; *Mississippi Central R. R. Co.* v. *Lott,* 118 Miss. 816, 80 So. 277; *I. C. R. R. Co.* v. *Dillon,* 111 Miss. 520, 71 So. 809.  The question of negligence in this case is clearly a matter of fact to be determined by

the jury and is not before this honorable court on this appeal. As appellee admits negligence on the part of the city, then, even assuming that Mrs. Byrnes was guilty of slight negligence, the question of approximate cause is one of fact for the jury. *Hinds et al.* v. *Moore et al.,* 124 Miss. 500, 87 So. 1; *Tallalaha Lumber Co.* v. *Holliman,* 125 Miss. 308, 87 So. 661. Assuming, then, that the plaintiff was guilty of some slight negligence, she is still entitled to recover and the question of contributory negligence as to the diminution of damages is a question for the jury.

II. *That the maintenance and operation of the park is a private corporate function is fully supported by voluminous authorities.* In appellant's original brief there is a discussion of the New York and Massachusetts rules regarding the liability of municipalities for the maintenance and operation of public parks. These rules need not be explained here. It is only necessary to reiterate that New York and the states which follow New York hold that a municipality is liable for negligence in the maintenance and operation of its public parks. Massachusetts and the states which follow its lead hold that a municipality is not liable for negligence in the maintenance and operation of its public parks. However, New York first held that a municipality would be liable for defects in the highways and streets, apart from statute. New York then consistently held that the municipality would be liable for negligence in the maintenance and operation of its public parks. On the other hand, Massachusetts has always held that a city would not be liable for defects in the highways and streets except by statute. Accordingly, when the question of negligence as to the maintenance and operation of public parks arose, Massachusetts held that a municipality would not be liable for such negligence.

Appellant most earnestly calls this court's attention to the all-important fact that both New York and Massachusetts and the states which have followed their lead

have consistently placed streets and public parks as matters of a similar nature. This analogy is explained fully in the cases of *Norberg* v. *Hagna,* 195 N. W. 438; *Kokomo* v. *Loy,* 185 Ind. 18; *Capp* v. *St. Louis,* 251 Mo. 345. Counsel for appellee have studiously and cautiously avoided all references as to the existence of the New York and Massachusetts rules. *It is submitted by appellant that the New York and Massachusetts rules are an important guide to this honorable court in arriving at its decision; and appellant most respectfully submits that this court in determining the question at bar should follow the New York rule; that is, that a municipality is liable for negligence in the maintenance of a public park.*

For years, like New York, Mississippi has consistently held that a municipality is liable for defects in its streets and highways. See: *Whitfield* v. *Meridian,* 66 Miss. 570; *Vicksburg* v. *McLain,* 67 Miss. 4; *Nesbitt* v. *Greenville,* 69 Miss. 22; *Carver* v. *Jackson,* 82 Miss. 583; *Pascagoula* v. *Kirkwood,* 86 Miss. 630; *Pass Christian* v. *Fernandez,* 100 Miss. 76, 56 So. 329; *Mrs. Vina Harding et al.* v. *Corinth,* 105 Miss. 99, 62 So. 6; *Saxon* v. *Houlka,* 107 Miss. 161, 65 So. 124; *Higginbottom* v. *Burnsville,* 113 Miss. 219.

The law in Mississippi is that a municipal corporation is liable for negligence in the maintenance and operation of its sewage and drainage system. See: *Fewell* v. *Meridian,* 90 Miss. 380; *Thompson* v. *Winona,* 96 Miss. 591; *Mary Semple* v. *Vicksburg,* 62 Miss. 637; *Vicksburg* v. *Richardson,* 90 Miss. 1.

With remarkable consistency our legislature in giving to a municipality full jurisdiction in the matter of streets, etc., has seen fit to include parks along with sidewalks and sewers, as though they were matters of a similar nature. See section 5835, Hemingway's Code.

In the light of the above-styled authorities appellant earnestly requests this honorable court's careful consideration of the decision in *Norberg* v. *Hagna,* 195 N. W. 438.

Argued orally by *L. R. Jiggitts* and *Robert Powell* for appellant, and *Garner W. Green,* for appellee.

ETHRIDGE J., delivered the opinion of the court.

The appellant sued the city of Jackson for an injury inflicted by a bear kept by the city in its zoo in Livingston Park. She alleged that, by virtue of the general invitation extended to the public to enter into and enjoy the benefits and pleasures of the park, plaintiff entered Livingston Park on a certain morning, and that on said morning the city had negligently taken a bear out of its cage and had chained it to a stake or tree in the park some distance from the bear's cage by a chain from six to ten feet in length, which chain was fastened to a stake or tree, and that there was no fence or barrier around said bear, between it and the public, and that the bear was chained at a place where the public was accustomed to frequent, and that in chaining said bear at said place the city was grossly negligent in that it chained this wild, ferocious beast in a place where the public might easily come into close and dangerous contact with it; that the city was further grossly negligent in not putting a barrier or fence around the place where the bear was chained and could range back and forth, and further grossly negligent in not placing a sign or warning to the public to keep at a safe distance from such ferocious beast; that the city knew or ought to have known that said bear was dangerous, having already attacked human beings; that on this morning on which the plaintiff visited the zoo in said Livingston Park the keeper of the zoo had negligently chained the said bear out in said open space; that a number of people had been feeding said bear on the morning in question with peanuts and candy and other articles of food, all of which was known or ought to have been known to the city by the exercise of reasonable care; that on this morning the plaintiff having seen a number of people feeding said bear, supposing said bear had been placed out in the open where

the public might feed him, that plaintiff did take several
pieces of candy and did feed said vicious beast; that after
she had fed said beast and was withdrawing her hand from
near him said vicious and ferocious beast suddenly and
without warning leaped upon the said plaintiff and vio-
lently threw her to the ground, whereupon he proceeded
to snap at plaintiff and caught plaintiff's hand in his
mouth, biting her hand entirely through the flesh from the
inside of her hand to the outside; that said beast in throw-
ing himself upon the unsuspecting plaintiff did terribly
lacerate plaintiff's leg near the hip and did tear great
pieces of flesh from her leg, ripping the skin into shreds;
that the beast's teeth did mutilate plaintiff's hand almost
beyond recognition; that plaintiff was finally rescued from
the clutches of this vicious and ferocious beast; that when
so rescued plaintiff was violently agitated, extremely
nervous, and in a state of collapse; that after plaintiff re-
turned to her home in Canton, Miss., which she did at once,
she was compelled to call for the attendance of a physi-
cian; that for several weeks she was forced to remain in
bed and to endure great physical pain and mental agony;
that her mental agony was greatly aggravated by the fear
of complications which might at any moment set in due to
the filthy claws of this ferocious beast which had so deeply
penetrated into her flesh; that her wounds were many
days healing; that she has not yet and will not for many
months recover from the nervous strain caused by the at-
tack of this wild beast; that she was disfigured by the in-
juries inflicted by the bear; that she was put to great
expense for medicine and for medical fees; that she was
unable for a long time to perform the ordinary duties of
a wife and mother. Wherefore she sued for five thou-
sand dollars. A second count alleged substantially the
same facts as did the first count.

The city of Jackson demurred to the declaration on the
ground that the city is in no way responsible for the acts
complained of, and the acts complained of are within the
governmental scope of its duties and are not such as are

imposed on its liability. This demurrer was sustained, the plaintiff declined to plead further, and the suit was dismissed, from which action of the court this appeal is prosecuted.

Appellant contends that the city in operating its park and in maintaining its zoo therein is liable for injuries resulting from the negligence of servants or other employees of the city; that the maintaining of a park and a zoo therein are mere corporate functions and are not governmental functions within the meaning of the law that exempts municipalities from liability for the negligence of their servants and officials in the performance of governmental functions. Counsel for appellant relies upon the following cases: *Norberg* v. *Hagna,* 46 S. D. 568, 195 N. W. 438, 29 A. L. R. 841; *Kokomo* v. *Loy,* 185 Ind. 18, 112 N. E. 994; *Bloom* v. *Newark,* 3 Ohio N. P. (N. S.) 480; *Capp* v. *St. Louis,* 251 Mo. 345, 158 S. W. 616, 46 L. R. A. (N. S.) 731, Ann. Cas. 1915C, 245; *Denver* v. *Spencer,* 34 Colo. 270, 82 P. 590, 2 L. R. A. (N. S.) 147, 114 Am. St. Rep. 158, 7 Ann. Cas. 1042; *Indianapolis* v. *Baker,* 72 Ind. App. 323, 125 N. E. 52; *Ehrgott* v. *Mayor, etc.,* 96 N. Y. 264, 48 Am. Rep. 622; *Weber* v. *Harrisburg,* 216 Pa. 117, 64 A. 905; *Barthold* v. *Philadelphia,* 154 Pa. 109, 26 A. 304; *Anadarko* v. *Swain,* 42 Okl. 741, 142 P. 1104; *Ft. Collins* v. *Roten,* 72 Colo. 182, 210 P. 326; *Roulier* v. *Magog Rep. Jud. Quebec,* 37 C. S. 246; *Canon City* v. *Cox,* 55 Colo. 264, 133 P. 1040; *Sarber* v. *Indianapolis,* 72 Ind. App. 594, 126 N. E. 330; *Silverman* v. *New York* (Sup.), 114 N. Y. S. 59; *Van Dyke* v. *Utica,* 203 App. Div. 26, 196 N. Y. S. 277; *Kuenzel* v. *St. Louis,* 278 Mo. 277, 212 S. W. 876; *Boise Development Co.* v. *Boise City,* 30 Idaho, 675, 167 P. 1032; Abbott on Municipal Corporations, at page 2255.

Counsel for the appellee cites and relies on 19 R. C. L. 1111; 4 Dillon on Municipal Corporations (5th Ed.), par. 2890; *Louisville Park Commissioners* v. *Prinz,* 127 Ky. 460, 105 S. W. 948; *Clark* v. *Waltham,* 128 Mass. 567; *Steele* v. *Boston,* 128 Mass. 583; *Blair* v. *Granger,* 24 R. I. 17, 51 A. 1042; *Russell* v. *Tacoma,* 8 Wash. 156, 35 P. 605,

40 Am. St. Rep. 895; *Bernstein* v. *Milwaukee,* 158 Wis. 576, 149 N. W. 382, L. R. A. 1915C, 435; *Bisbing* v. *Asbury Park,* 80 N. J. Law, 416, 78 A. 198, 33 L. R. A. (N. S.) 523; *McGraw* v. *District of Columbia,* 3 App. D. C. 405, 25 L. R. A. 691; *Harper* v. *Topeka,* 92 Kan. 11, 139 P. 1018, 51 L. R. A. (N. S.) 1032; *Nashville* v. *Burns,* 131 Tenn. 281, 174 S. W. 1111; *Ackeret* v. *Minneapolis,* 129 Minn, 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897; *Lincoln* v. *Boston,* 148 Mass. 578, 20 N. E. 329, 3 L. R. A. 257, 12 Am. St. Rep. 601; *Pope* v. *New Haven,* 91 Conn. 79, 99 A. 51, L. R. A. 1917B, 1239; *Kerr* v. *Brookline,* 208 Mass. 190, 94 N. E. 257, 34 L. R. A. (N. S.) 464; *Guzzi* v. *N. Y. Zoological Society,* 192 App. Div. 263, 182 N. Y. S. 258.

These lines of cases represent conflicting views of the courts upon the question as to liability for the negligence of a municipality in properly maintaining its streets and parks, and generally class parks in accordance with the alignment of the particular courts as to the liability of a municipality for negligence in maintaining its streets and roads. What is known as the Massachusetts line of cases, following the supreme court of Massachusetts, holds that cities are not liable for negligence in making streets and roads because in such cases a municipality is exercising governmental functions as distinguished from municipal, corporate functions. What is known as the New York rule follows the decisions of that state upon the liability of a municipality for negligence in maintaining its streets, holding that it is liable for negligence in failing to keep its streets in proper condition, and generally classes parks with streets and roads upon such question, and holds that a municipality is exercising its corporate functions in such cases.

The state of Mississippi is in alignment with the New York rule in so far as liability for negligence in keeping the streets in repair is concerned. See *Whitfield* v. *City of Meridian,* 66 Miss. 570, 6 So. 244, 4 L. R. A. 834, 14 Am. St. Rep. 596; *City of Vicksburg* v. *McLain,* 67 Miss. 4, 6

So. 774; *Nesbitt* v. *City of Greenville,* 69 Miss. 22, 10 So. 452, 30 Am. St. Rep. 521; *Carver* v. *Jackson,* 82 Miss. 583, 35 So. 157; *City of Pascagoula* v. *Kirkwood,* 86 Miss. 630, 38 So. 547; *Pass Christian* v. *Fernandez,* 100 Miss. 76, 56 So. 329, 39 L. R. A. (N. S.) 649; *Hardin* v. *City of Corinth,* 105 Miss. 99, 62 So. 6; *Saxon* v. *Town of Houlka,* 107 Miss. 161, 65 So. 124; *Higginbottom* v. *Village of Burnsville,* 113 Miss. 219, 74 So. 133; *Mayor, etc., City of Vicksburg* v. *Harralson,* 136 Miss. 872, 101 So. 713; *Atkinson* v. *Town of Decatur,* 131 Miss. 707, 95 So. 689.

On the other hand, the state holds that a city is not liable for injuries inflicted by its fire department on the ground that in operating its fire apparatus and fire department, it is in the discharge of a governmental duty, exercising a governmental function, and is not liable for the negligence of its employees in such operation. *Alexander* v. *City of Vicksburg,* 68 Miss. 564, 10 So. 62; *City of Hattiesburg* v. *Geigor,* 118 Miss. 676, 79 So. 846. The line of demarcation between the exercise of governmental functions and corporate functions is not clearly marked out in the authorities, and it is not an easy matter to deduce from the authorities the true rule of demarcation between the two functions.

In the case of the *City of Pass Christian* v. *Fernandez,* 100 Miss. 76, 56 So. 329, 39 L. R. A. (N. S.) 649, it was held by this court that a driver of a city cart, engaged in hauling trash and dirt for the city, is not engaged in a "public or governmental duty," which is a duty given by the state to a city as a part of the state's sovereignty, to be exercised by the city for the benefit of the public living within and without the corporate limits, but in such cases is engaged in a "private or corporate duty," and that for the negligence of its driver the city is liable.

By statute, cities are given the power to establish parks and may issue bonds to purchase land and equipment therefor under certain circumstances. There is no specific statute giving the city power to operate a zoo and to keep

ferocious and dangerous animals therein, but such power is implied from the grant of power to maintain parks.

It seems to us that the rule making it the duty of the city to exercise reasonable care to make its parks reasonably safe places for people to resort to, and making the city liable for negligence, is the better rule. Certainly it would not be the rule of wisdom to permit a city to fill its parks with dangerous and ferocious animals without having it exercise a high degree of care, if not absolute liability in keeping them safely confined. It is insisted by the appellee that the zoo is a part of the education of the public, and that educating the people is a governmental function, and that no liability exists against the city for negligence in this regard.

It cannot be the law that the city can place in its parks ferocious and dangerous animals by which the safety, and even the lives, of the public would be endangered without requiring the city to keep such animals securely confined. As a general rule persons having animals wild by nature and of ferocious disposition are required to keep such animals confined absolutely, or pay for any damage sustained by a failure so to do. This court held in *Phillips* v. *Garner,* 106 Miss. 828, 64 So. 735, 52 L. R. A. (N. S.) 377, that persons possessing such animals are under the absolute duty to keep them safely confined. The same rule was recognized in *Ammons* v. *Kellogg,* 137 Miss. 551, 102 So. 562.

While the city may be maintaining the zoo for educational purposes, it is not such an education as the city is required by law to furnish to the public. There is no mandatory duty upon the city either to maintain a park or to keep a zoo therein. The right is permissive rather than mandatory, and we think when the city undertakes to maintain a zoo and to keep therein dangerous and ferocious animals, it must be held to the strict duty of keeping them safely, and that it was negligence on the part of the keeper to chain the bear in the present case in the open park with a chain six or ten feet in length tied to the

bear, giving it such a range, and therefore capacity to do harm, of the circumference of a circle of which this chain is the radius.

The city next contends that it is not liable because the plaintiff was an adult in the possession of her mental faculties, and must of necessity know of the dangerous character of a bear, and that her negligence in placing herself within reach of the bear was the sole proximate cause of her injury.

Formerly contributory negligence defeated a right of action even though the defendant was negligent with reference to the matter complained of, but section 502, Hemingway's Code (Laws of 1910, chapter 135), changes the rule; and where negligence exists in both the plaintiff and defendant with reference to the matter complained of, it no longer defeats the action, but merely diminishes the damages suffered in proportion to the amount of negligence attributable to the person injured. By section 503, Hemingway's Code (Laws of 1910, chapter 135), these questions of negligence and contributory negligence are for the determination of the jury.

We think this is a case for the jury, and the judgment of the court will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*