## W. C. ALEXANDER *v.* CITY OF VICKSBURG.

MUNICIPAL CORPORATION. *Negligence of firemen. Damages.*

A municipal corporation is not liable for injuries resulting from the negligent driving of a hose-reel on its way to a fire in the city limits, although the fire department is under the direct management of the city, and the driver is in its employ.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

Appellant brought this action against the city of Vicksburg to recover the value of a horse which was struck and killed by a hose-reel, which was being rapidly driven to a fire in the corporate limits. It is admitted that the death of the horse was the direct result of negligence on the part of the driver of the hose-reel and that there was no negligence on the part of plaintiff. It was further admitted that the fire department was at that time under the direct control, management and operation of the city, and that the driver was in the employ and pay of the city, which had the right to discharge him at pleasure, and that in driving the hose-reel he was performing the usual ordinary duty required of him by the city.

The cause was tried before the court, a jury being waived, and resulted in a judgment for the defendant.

*Dabney & McCabe,* for appellant.

The authorities relied on by counsel for appellee, 2 Dillon Mun. Corp. § 976, and cases cited, apply to cases where the person causing the injury is not a servant of the city, but an appointee, the appointment being made pursuant to a charter. In cases where the city merely establishes a fire department and turns it over to officers appointed to manage it, such officers are not agents of the city but work for the public good. But in this case the city, as it had a right to do under its charter, undertook itself to prevent and extinguish fires. The case falls within the rule laid down in Bishop, Non Contract Law, § 762, and the following cases there cited: 19 Ohio St. 19; 104 Mass. 87; 123 Ib. 311; 13 Bush, 226; 78

Me. 118; 34 Minn. 402; 87 Ind. 334; 107 Ill. 334; 91 U. S. 540; 26 Wis. 46; 67 Ib. 24; 100 N. Y. 15; 44 Mo. 479; 55 Mich. 552; 132 Mass. 475.

The authorities in our own state are to the same effect and conclusive as to appellant's right to recover : *Sempler* v. *Vicksburg*, 62 Miss. 63; *Mackey* v. *Vicksburg*, 64 Ib. 777; *Vicksburg* v. *McLain*, 67 Ib. 4.

*Henry & Thompson*, for appellee.

The true rule applicable in this case is that a municipal corporation is not liable for what it does as an arm of the government and for the public good.    Bishop, Non Contract Law, § 755.    The speculations of the author, as to a different view, are admitted by him to be opposed to the current of authority.    Ib. §§ 756, 757.

The duty to prevent and extinguish fires is a public duty, not a corporate or ministerial duty.    2 Dillon Mun. Cor. 949, 965, 974; Cooley on Torts, 620; 2 Denio, 443.    The work of a fire department is wholly gratuitous—a charity for the relief and succor of the unfortunate, and the city is not liable for injuries inflicted by it although the firemen are employed and paid by the city.    16 Gray, 297; 2 Am. Rep. 368; 9 Ib. 382, 395; 14 Ib. 760; 20 Ib. 468; 8 Ib. 272; 29 Ind. 187; 1 Daly, 425; 18 Wis. 83; 1 Black, 39; 76 N. Y. 506; 6 Am. Rep. 196; 17 B. Mon. 722; Shearman & Redfield, Neg. § 139; 2 Dillon Mun. Corp. § 976.

The cases cited by appellant from this court are not applicable. They were cases of corporate not public functions.

CAMPBELL, J., delivered the opinion of the court.

It is held generally, if not universally, by the courts of this country that in cases of the class to which this belongs, the municipality is not liable, as is abundantly shown by the citations of counsel on both sides, which see.

*Affirmed.*