City of Pass Christian v. Ernest Fernandez, by next friend, John Fernandez.

[56 South. 329.]

1. Contributory Negligence. *Children. Municipal corporations. Governmental duties. Private or corporate duty.*

A child of four years of age is incapable of contributory negligence.

2. Municipal Corporations. *Governmental duties. Private duties. Damages.*

Damages occasioned by a city in the exercise of a purely governmental duty does not render the city liable, but the use of a cart in hauling dirt or trash for the city is for no governmental purpose, and is not connected in any way with the sovereign duty of the state. In such case the city is engaged in its private or corporate duty and is liable for negligence.

3. Same.

The state owes the duty to all its citizens of protecting the person from assault and their property from destruction, and all acts done by the city in furtherance of this duty of the state is done in a governmental capacity.

Appeal from the circuit court of Harrison county.
Hon. T. H. Barrett, Judge.

Suit by Ernest Fernandez against the city of Pass Christian. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Hardy & Hardy,* for appellant.

Municipality not liable for tort of its officers or agents acting in a public duty, as distinguished from corporate duty.

In the case of *W. C. Alexander* v. *City of Vicksburg,* 68 Miss. 564, the principles involved in the case now before the court are clearly, firmly and directly fixed.

In that case it is held that a municipal corporation is not liable for injuries resulting from the negligent driving of a hose reel on its way to a fire in the city limits, although the fire· department is under the direct managment of the city and the driver is in its employ. The simple question of whether or not the city was liable was submitted to the court, the jury being waived, and the city admitting that the driver of the hose cart had been negligent, and that he was in the employ of the city at the time.

Mr. Justice Campbell, in delivering the short opinion of the court, affirmed the judgment of the lower court and stated that, ''It is held generally, if not universally, by the courts of this country that in cases of the class to which this belongs, the municipality is not liable.''

In *Davidson* v. *New York,* 24 Miss. 560, 54 N. Y. Supp. 51, it was held that the municipality was not liable for injuries caused by the driver of a cart in the street cleaning department of the city where he had, through negligence, injured a child of tender years.

An abundance of authority could be cited to the court sustaining this view. All of the cases distinguish between the two municipal functions; one public and the other corporate. A public function is that which is exercised by virtue of certain attributes of sovereignty delegated to a city for the welfare and protection of its inhabitants or the general public. A corporate function is the one which relates only to local or private purposes, for the administration of which, it acts, not through its public officers as such, but through agents or servants employed by it. No liability attaches to the city in the performance of political, governmental, or public functions, either by nonuser or mis-user by its officers or agents, or the servants employed by such agencies; while in the performance of a corporate function, the municipality stands upon the same footing as a private corporation, and will be held for injuries resulting from

its negligence, or from the torts of its officers, agents, or employees.

In the case before the court the cartman was employed and was on the day and at the time the injury occurred, exercising a public function. He was driving a cart owned and operated by the city under the supervision of the street commissioner or marshal. That the cleaning, watering and grading of streets is one of the public functions of a municipality is so elementary that it is unnecessary to cite authorities in support of such a position.

*McDonald & Marshall,* for appellee.

It is familiar learning that a city, or municipal corporation, has, unlike a county or quasi municipal corporation, two phases or objects of incorporated existence. The one is public or governmental, an arm of the state government and a branch of its sovereignty, whose object and duty it is to preserve the peace, conduct and health and morals of its inhabitants and those of the state, within its territorial limits; the other phase or object of its municipal existence is a private one, not regarded as a branch of the state government, for the peculiar benefit of its own inhabitants, and not of a public or governmental nature—commonly called its "corporate," its "private," its "municipal," or its "ministerial" function. 28 Cyc. 267 (2), 268 (c); 20 Am. & Eng. Ency. Law (2d Ed.), 1131 (111); *Barre* v. *City of Cape Girardeau,* 197 Mo. 382, 92 S. W. 330, 6 L. R. A. (N. S.) 1090; 1 Dillon's Municipal Corporations, sec. 66; *Alexander* v. *City of Vicksburg,* 68 Miss. 564. Within the first class of powers and duties (governmental) are such functions as administering justice within its limits and police protection; the appointing of officers charged with conserving the public health; the establishment of regulations for the suppression of vice (*Barre* v. *City of Cape Girardeau, supra*); and the maintaining of fire

protection for the people generally and their property. *Alexander* v. *City of Vicksburg, supra.* Within the second (private or corporate) class of powers and duties exercised by municipal corporations falls those that are conferred upon the corporation for its private benefit, and in which the state at large is not directly interested. These are such functions as the establishment and operation of gas works, water works, the construction of sewers, and especially the building and maintaining of highways and streets within its municipal limits. 1 Dillon's Municipal Corporations, sec. 58; 28 Cyc. 268 (c); *Barre* v. *City of Cape Girardeau, supra.* For damages resulting from the negligent acts, misfeasance or nonfeasance of its officers, agents and employees charged with the duty of performing the public or governmental function of a municipal corporation, it is not liable civilly. 29 Cyc. 1257 (2); 20 Am. & Eng. Ency. Law (2d Ed.), 1193 (7); *Alexander* v. *City of Vicksburg, supra.* But for the torts or negligent acts of its agents, employees and officials engaged in its ministerial, private, or corporate functions the municipality is liable to respond civilly in damages to the injured person. The rule of *respondeat superior* applies in the latter case to all municipal corporations or an individual in like case, except that against the municipal corporation, punitive, as distinguished from compensatory damages, cannot be recovered for the injury. 2 Dillon's Municipal Corporations (4th Ed.), sec. 980. In 28 Cyc. 1258, the following language is adopted in announcing this law:

"In its second character above mentioned, that is, in the exercise of its purely municipal functions, or the doing of those things which relate to special or private corporate purposes, the corporation stands upon the same footing with a private corporation, and will be held to the same responsibility with a private corporation for injuries resulting from its negligence, and will be held for the torts of its officers, agents, or employees acting within

the scope of such municipal power, or of the servants employed by such officers.'' And in 20 Am. & Eng. Ency. of Law (2d Ed.), 1196, the doctrine is stated in these words:

''It has been held that in the exercise of those powers and privileges conferred upon a municipal corporation for private, local or merely corporate purposes or benefits, the rules which govern the liability in tort of individuals or private corporations are properly applicable And the mere fact that a particular enterprise might incidentally benefit the public health does not render the work a public function so as to exempt the city from liability for personal injuries inflicted by employees engaged therein.'' See, also, the case of *Barree* v. *City of Cape Girardeau, supra,* in which the court said:

'' On the other hand, if Brunke was in the exercise of a power conferred upon defendant corporation for its private benefit, then the defendant is liable for the wrongful acts of its servant, as in the case of a private individual. *Murtaugh* v. *St. Louis,* 44 Mo. 479; Williams, Mun. Liability for Tort, sec. 11. In *Hilsdorf* v. *St. Louis,* 45 Mo. 94, 100 Am. Dec. 352, it is said: 'Corporations, whether municipal or aggregate, are now held to the same liability as individuals, and will not be permitted to screen themselves behind the plea that they are impersonal, and that their acts are but the acts of individuals; and, if an agent or servant of a corporation, in the line of his employment, shall be guilty of negligence or commit a wrong, the corporation is responsible in damages.' The making and improving of the streets by the city, and keeping them in repair, is a ministerial function, and relates to corporate interests only.''

Our supreme court and that of almost every other state in the American Union has consistently held that the building, maintenance and care of its streets is a private function of a municipal corporation and that the corporation, for that reason, is liable to respond in damages for

injury caused to one from a failure to properly discharge this duty. 28 Cyc. 1444 (d); *Carver* v. *City of Jackson,* 82 Miss. 583, and many other cases not necessary to cite.

MAYES, C. J., delivered the opinion of the court.

Ernest Fernandez, a child four years old, while playfully chasing a hoop in the street of the city of Pass Christian, was run over by a city cart and had his leg broken. Through his next friend, he sued the city for damages, and recovered judgment for one thousand dollars, from which judgment the city prosecutes an appeal.

The facts show that, when the child was struck by the cart, the driver was conversing with two women, and had his head turned in a different direction from that in which the child was approaching. The driver disputes this; but the verdict of the jury fixes the facts this way.

As appears above, the child was only four years of age, and, therefore, incapable of contributory negligence. The only real defense is that at the time of the injury the cart and driver were engaged in a governmental duty, and on account of this no liability attaches on the part of the city. The case of *Alexander* v. *Vicksburg,* 68 Miss. 564, 10 South. 62, is cited as conclusive of this contention. We shall show that the above case is not in point further on.

It may be true, as an abstract proposition of law, that damage occasioned by the city in the exercise of a purely governmental duty does not render the city liable; but it must be a governmental duty, and the idea that a driver of a city cart, engaged in hauling trash and dirt for the city, is engaged in a "governmental function" in any sense in which the word is used in the law, requires a stretch of the imagination that is beyond our power to make. It is a matter of no little difficulty to define what are and what are not purely governmental duties of a

100 Miss.—6

city. To a very large extent these questions can only be settled by the facts of each particular case, so variant are the conditions under which this question arises.

The public or governmental duties of a city are those given by the state to the city as a part of the state's sovereignty, to be exercised by the city for the benefit of the whole public, living both in and out of the corporate limits. All else is private or corporate duty, and for any negligence on the part of the agents or employees of the municipality in the discharge of any of the private duties of the city the city is liable for all damage just as an individual would be. The use of the cart in hauling dirt or trash for the city is for no governmental purpose, as connected in any way with the sovereign duty of the state. The state does owe the duty to all its citizens of protecting the person from assaults and the property from destruction, and all done by the city in furtherance of this duty of the state is done in a governmental capacity. But the hauling of dirt and trash is for the use and advantage of the city in its corporate capacity, is a corporate duty, and the city is liable for all damage done by any officer or agent so employed.

The case on trial is different from the case of *Alexander* v. *Vicksburg*, 68 Miss. 564, 10 South. 62. In the Alexander case the injury was inflicted by the fire department on its way to extinguish a fire in the city of Vicksburg. The fire company was under the control and managment of the city, and this court held that in such case the city was not liable. It might be well argued that, when a city undertakes to protect the property of a citizen from destruction by fire, it is acting in a governmental capacity and for the universal good, even though the state does not so undertake to do, and for this reason should be protected from liability in damages while so engaged; but this argument cannot be made as to a trash or garbage cart, used in the furtherance of purely corporate purposes.     *Affirmed.*