## City of Meridian, Mississippi *v.* Hardy

No. 42333 May 28, 1962 141 So. 2d 566

*Holyfield & Goldman,* Meridian, for appellant.

*Nate S. Williamson, Lester F. Williamson, Howard W. Pigford,* Meridian, for appellee.

374

McElroy, J.

Lee Hardy, plaintiff-appellee, charged in his declaration that he had been in the employ of the City of Meridian, Mississippi, a municipality, for approximately thirty years, and on or about September 24, 1956, while performing the duties of his employment, sustained injuries while under the direct command and supervision of the foreman and superintendent, Tom Brown, both employed by the City of Meridian; that the City of Meridian, acting by and through the said Tom Brown, negligently commanded the appellee and two prisoners of appellant to unload a large concrete pipe from a truck of the City when the said Tom Brown knew the two men the appellee was required to work with in an effort to unload the large pipe from the truck were prisoners, or convict laborers, and unreliable, irresponsible and incompetent servants; that the said City, acting by and through the said Tom Brown, negligently failed to furnish or supply appellee with any tools or equipment for use or to aid in removing the large pipe from the truck; that the City negligently failed to provide a reasonably safe place on or about which to work; and that as a consequence of said negligence, plaintiff sustained injuries produced by said negligence a left inguinal hernia, and his legs were bruised and injured, and one bone in his right leg between the knee and ankle was broken, and he suffered both internal and external injuries which permanently disabled him.

 Evidence introduced by plaintiff sustained these allegations, and the jury rendered a verdict for the appellee for $4,000. Appellants objected to certain instructions granted on behalf of appellee. This Court believes that the appellants contentions are not well-

taken. The instructions, taken as a whole, properly instructed the jury.

This case is very similar to that of T. C. Buford, et al. v. O'Neal, 240 Miss. 883, 128 So. 2d 553. This Court held:

"Since the jury resolved all conflicts in favor of appellee, we state the facts in the light most favorable to him. This means that appellee is entitled to have this Court consider as true all evidence in his favor, together with all reasonable inferences which could be drawn therefrom; and it means that we must disregard all testimony favorable to appellants whenever such evidence is contradicted by that for appellee. All this is in full accord with the many cases of this Court so holding. Having said this, we dispose of a considerable part of appellants' argument which is premised on testimony which the jury rejected.

\* \* \* \* \*

"The general rule is that in the case of employment requiring numbers of workers to act in concert, it is the duty of the employer to provide a sufficient force to enable his employee to accomplish the work assigned to them with reasonable safety to themselves, and, if an injury results to an employee by reason of insufficiency in the number of his co-workers, he is entitled to maintain an action against the employer. This rule is merely an extension of the fundamental doctrine requiring the employer to provide his employees with safe instrumentalities and a safe place to work. \* \* \*''

The case is therefore affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Gillespie* and *Jones, JJ.,* concur.