Robert Lee Jones filed suit against Ted Toy and the City of Hattiesburg, hereinafter the City, in the Circuit Court of Forrest County, for injuries he received when thrown from a truck on which he was riding as a garbage collector for the City. The jury returned a verdict of $187,500.00 for Jones against Toy and the City. The trial court considered identical motions of Toy and the City for judgment, corrected judgment, or a new trial. The court granted a judgment non obstante veredicto as to the City and directed a remittitur of $125,000.00 within five (5) days or, alternatively, sustained the motion for new trial as to Toy. Jones appeals. *Page 31 
At the time of injury, Jones was a 19 year old laborer with a limited education. He was employed by the City to pick up garbage along the city streets and deposit it in the garbage truck. To perform this task it was necessary that Jones ride outside the truck on a rear platform or step provided for the employees. On each side of the truck there was secured a hand "hold" for the workers. John McNeil, a co-worker, performed the same duties as Jones on the opposite side of the truck.
While engaged in collecting garbage on the morning of the accident, Ted Toy, the truck driver, instructed Jones and McNeil to take the truck while he visited at the house of one Robertson and return for him in 20 to 30 minutes. The visits to Robertson's house appeared to be a practice of Toy's on three to five occasions each week. When Jones and McNeil returned to Robertson's house, Toy was angry. He indicated he would return the garbage truck to the city barn instead of continuing on the garbage collecting route. Toy, according to him, suggested that Jones and McNeil ride in the cab of the truck but because there was uncollected garbage on the street, both Jones and McNeil took their usual positions on the rear of the truck. Toy then accelerated at an unusual rate of speed and after traveling some two blocks struck a manhole cover in the street causing the truck to jolt throwing Jones onto the pavement. McNeil, who had climbed into the hopper of the truck, was bounced, according to him, 1 1/2 to 2 feet in the air and landed in the garbage bin despite the fact that he had been holding onto a cross piece above his head. Toy explained the accident by stating he had been looking in the rearview mirror, and had not seen the manhole cover in time to avoid hitting it.
Jones suffered a crushed right elbow and numerous abrasions to his head, leg and arms. He has a permanent loss of 90 percent use of his right arm. Additionally, osteoporosis and arthritis have developed because of the injury and Jones suffers from severe headaches since the accident.
The City did not have workmen's compensation for the benefit of its employees engaged in garbage collection. Therefore, common law remedies and defenses control the case. Governmental immunity will not bar the suit against the City as the collection of garbage is a private function rather than a governmental one.City of Pass Christian v. Fernandez, 100 Miss. 76, 56 So. 329 (1911).
Ordinarily, at common law, a master cannot be liable for the negligence of a fellow employee who was hired with due care. However, the master or employer may be charged with the employee's negligence and held liable for resulting injuries if the master knew or should have known of the fellow servant's incompetence. City of Meridian v. Hardy, 244 Miss. 372,141 So.2d 566 (1962); Buckley v. United Gas Public Service Co.,176 Miss. 282, 168 So. 462 (1936).
Toy had been reprimanded by his supervisor, Mr. Donahoe, on previous occasions for driving too fast and had been threatened with losing his job if he did not slow down. Toy testified that some times he would comply with his superiors' directives and other times he would not. Toy had also been warned not to stop at Robertson's house but disregarded this directive as well.
Out of the presence of the jury co-worker McNeil testified Toy stopped at Robertson's house to drink and that on several occasions he had gone with him for the same reason. Additionally, Toy had driven the garbage truck in a reckless manner and had run into buildings.
Moreover, Toy lost his drivers license prior to this accident because of a DWI conviction in August of 1979. The City had knowledge of this because Toy's application for employment with the City indicated he had no drivers license but simply had paid his fine for the offense of drunken driving. Even so, Toy had signed a statement for the City that he understood the rule that drivers must have a valid license. City Commissioner J.D. Williamson *Page 32 
testified a garbage truck driver would be discharged or placed in another position if he habitually drove too fast or was without a license. However, the City had no policy to check the driving records of their employees. Generally, after three warnings regarding excessive speed the City would terminate an employee. Commissioner Williamson did not understand why this had not been done in Toy's case.
In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975), we stated the test for determining whether a motion for JNOV should be sustained as follows:
. . . the court should consider the evidence in the light most favorable to plaintiff, disregard any evidence on the part of defendant in conflict with that favorable to plaintiff, and if the evidence and reasonable inferences to be drawn therefrom would support a verdict for plaintiff, the jury verdict should not be disturbed. General Tire Rubber Co. v. Darnell, 221 So.2d [104] at 105 [(Miss. 1969)], 319 So.2d at 657.
See also, Stubblefield v. Jesco, 464 So.2d 47 (Miss. 1984).
From the testimony of McNeil, the co-employee of Jones, the jury had sufficient testimony, corroborated by Toy, the truck driver, that the truck was being driven at an excessive rate of speed at the time of the accident. Undoubtedly this testimony as well as the propensities of Toy to drink and drive too fast could logically lead to a reasonable inference that he was doing so on this occasion. The City also knew or should have known of these propensities but apparently disregarded them. It is our opinion the court erred in granting a JNOV for the City because they had notice of his derelictions through Toy's supervisor, Donahoe, which would be imputed to it.
The original verdict of the jury against the City is reinstated for $187,500.00 but is here reduced by a remittitur of $125,000.00 as was done by the trial court on the judgment against Toy. It is our opinion that the remittitur was within the sound discretion of the trial court and that it was based upon the court's belief that the injuries did not warrant a greater verdict than $62,500.00. See Cortez v. Brown, 408 So.2d 464, 471 (Miss. 1981); Screws v. Parker, 365 So.2d 633 (Miss. 1978); and Dorris v. Carr, 330 So.2d 872 (Miss. 1976).
The judgment against the City of Hattiesburg is reinstated in the amount of $62,500.00. The judgment is affirmed as to Toy. Jones' motion to strike, passed for consideration on the merits, is sustained.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.