540 So.2d 5 (1989)
Alma Jane RICHARDSON
v.
RANKIN COUNTY SCHOOL DISTRICT; and Michael B. Vinson, County Superintendent of Education of Rankin County, Ms; Elton Jay, Henry Cannon, Shirley Hall, Ann Sturdivant and A.J. Comfort, in their Capacity as Members of the Board of Trustees of Rankin County School District, and Darlene Collier.
No. 58337.
Supreme Court of Mississippi.
February 22, 1989.
*6 Jerry T. Johnston, Brandon, for appellant.
Fred M. Harrell, Jr., Robert R. Rester, Jr., Harrell & Rester, Brandon, for appellees.
Mike Moore, Atty. Gen. by Robert L. Gibbs, Deputy Atty. Gen., Jackson, for amicus curiae.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
PRATHER, Justice, for the Court:
This appeal revisits the doctrine of governmental immunity abandoned by this Court in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982) and seeks total and final abandonment of such doctrine again by this Court. Plaintiff Alma Jane Richardson suffered personal injury in an accident between her vehicle and a Rankin County School bus driven by Darlene Collier. Richardson sued the Rankin County School District, and its School Superintendent Michael B. Vinson, and all members of its Board of Trustees in their official capacities, and the school bus driver. The Circuit Court of Rankin County granted a partial summary judgment in favor of the defendants, excepting Darlene Collier.
Feeling aggrieved, Alma Jane Richardson brings this interlocutory appeal and assigns as error the following:
That the Circuit Court of Rankin County, Mississippi, erred in entering its order granting Motion For Partial Summary Judgment.

I.
Richardson filed her complaint alleging that on May 1, 1986, she was injured as a result of a collision involving her automobile and a school bus owned by the Rankin County School District and being operated by its employee, Darlene Collier. Richardson bases her theory of liability upon the statutory liability of the Rankin County School District, et al, as provided under Miss. Code Ann. § 37-41-37, et seq. (1986 Supp.) and upon the theory of negligence. Negligence was alleged against the School District in failing to properly train Collier and to insure that she operated the District's property in a safe, careful and lawful manner, as well as allowing Collier to continue to operate a school bus after having knowledge of Collier's prior involvement in traffic mishaps and near accidents while operating the District's bus. Negligence was alleged against Collier for driving at a greater rate of speed than warranted under the circumstances existing immediately prior to the accident, driving across the center of the road over into the traffic lane for approaching traffic, failing to have the bus under control, and failing to stop the bus. Richardson demanded judgment against all defendants, jointly and severally, in the amount of $550,000.
On March 31, 1987, all of the defendants filed their answer setting forth their defenses, including the defense that the defendants are immune from liability under the theory of sovereign or governmental immunity and denying all material allegations *7 of the complaint and denying that Richardson is entitled to recover any sums whatsoever.
All defendants, excluding Darlene Collier, filed their Motion For Partial Summary Judgment on March 31, 1987. The motion alleged that the Rankin County School District, including its Superintendent and Board of Trustees, as political subdivisions of the State of Mississippi, as a matter of law, is immune from liability for damages, if any, excluding that provided under Miss. Code Ann. § 37-41-37 et seq., (1986 Supp.).
On May 11, 1987, the Order of the Circuit Court of Rankin County, Mississippi, granting Motion For Partial Summary Judgment was entered. The circuit court found that the extent of liability of the Rankin County School District for damages is controlled by the case of Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), by the provisions of § 37-41-37, et seq., Miss. Code Ann. (1986 Supp.), and by § 4 of Chapter 495, Laws of 1984, as amended by § 12, Chapter 474, Laws of 1985, as amended by § 6 of Chapter 438 of the general laws of the State of Mississippi, 1986.
The circuit court found that the Mississippi Supreme Court in Pruett did not find the theory of governmental immunity to be unconstitutional but rather found the control and policing of sovereign or governmental immunity to be a responsibility of the legislature and not of the judiciary. The circuit court further found that the legislature has expressed its clear intention to retain the doctrine of sovereign immunity as the same existed prior to the decision in the case of Pruett.
The circuit court thereupon found that the movants were entitled to immunity from suit except under statutory law. The circuit court found that the movants were not immune from liability, if any, or for damages, if any, to the extent provided under the provisions of Miss. Code Ann. § 37-41-37, et seq. (1986 Supp.), and that the maximum amount of damages to which the plaintiff may be entitled is the amount of $10,000.00 for personal injury or damages and $1,000.00 for property damage, if proven by plaintiff upon a trial of the case. The circuit court entered Partial Summary Judgment in favor of all defendants, except for Collier, who remained unaffected by such order.

II.
The question of whether or not the doctrine of governmental or sovereign immunity should be totally abolished has come before this Court on a number of occasions. Finally, in Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), this Court recognized that the doctrine of sovereign immunity was a creature of the judiciary, and it was time for the judiciary to abolish it. The Court recognized, however, that it was the legislature, not the judiciary, that had the duty and responsibility of controlling and policing sovereign immunity.
[T]he control and policing of sovereign immunity is a legislative responsibility and not that of the judiciary. The sovereign immunity doctrine is a creature of the judiciary. We are of the opinion that it should not be so; but that as said above, the details of handling the question is legislative rather than judicial. As has been said by many of the State's highest courts, the judicial branch is leaving the matter to the legislative branch. It was judicially created and necessarily should be judicially abrogated.
Pruett at 1047.
Pruett made clear that the immunity that was being abolished was the immunity of the sovereign, which means the state, the county, the municipality or any other local subdivision of the sovereign. This Court expressly noted that the abolition of sovereign immunity did not "apply to legislative, judicial and executive acts by individuals acting in their official capacity, or to similar capacities in local governments, either county or municipal." Pruett at 1052. But see Grantham v. Dept. of Corrections, 522 So.2d 219 (Miss. 1988).
The legislature, in response to the Pruett decision, enacted what is now codified as Miss. Code Ann. § 11-46-1, et seq. (1988 Supp.) (1984 Immunity Act). The intent of *8 the legislature is clear. Section 11-46-3, Miss. Code Ann. (1988 Supp.) states:
The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare that from and after July 1, 1989, the "state" and, from and after October 1, 1989, its "political subdivisions," as such terms are defined in Section 11-46-1, shall not be liable and shall be immune from suit at law or in equity on account of any wrongful or tortious act or omission, including libel, slander or defamation, by the state or its political subdivisions, or any such act or omission by any employee of the state or its political subdivisions, notwithstanding that any such act or omission constitutes or may be considered as the exercise or failure to exercise any duty, obligation or function of a governmental, proprietary, discretionary or ministerial nature and notwithstanding that such act or omission may or may not arise out of any activity, transaction or service for which any fee, charge, cost or other consideration was received or expected to be received in exchange therefor.
The Immunity Act grants general legislative immunity to the State and its political subdivisions, including local school districts. It also waives such immunity of the State and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment. Such immunity is waived only to the extent of the maximum amount of liability as provided under the provisions of the above quoted statutes. Miss. Code Ann. § 11-46-15 (1988 Supp.) provides the limits of liability of a governmental entity or its employee.
The effect of the Immunity Act is that the State and its political subdivisions, including local school districts, have continuously remained protected from suit under the doctrine of sovereign immunity as it existed prior to the decision in Pruett, subject to any statutory law waiving such immunity.
The only statutory law in Mississippi pertaining to suits for damages arising out of the operation of school buses is found under the provisions of Miss. Code Ann. § 37-41-37 et seq. (1988 Supp.) which was originally enacted in 1970.[1] These code sections provide for the creation of an accident contingent fund which is supported by annual contributions by the various school districts in the State, with the amount of each district's contribution being based upon the number of school buses operating in each respective district. Miss. Code Ann. § 37-41-37 (1988 Supp.) provides that any person receiving injuries or sustaining damages as a result of the negligent operation of a school bus or other vehicle owned by any county school district shall have a right of action against the county which operates such vehicle. This code section further provides that the county may not plead the defense of governmental immunity in bar of any such action or recovery up to the statutory-allowed limit and that such suit may be tried as any other civil action.
However, our legislature also enacted Miss. Code Ann. § 37-41-41 (1988 Supp.) which dictates the maximum liability to which a county school district may be exposed under the exception. In pertinent part this code section provides that no claim arising from an accident shall exceed the total amount of $10,000.00, exclusive of court costs, for any one person sustaining such injuries or damages and that no claim for property damage shall be paid in excess of $1,000.00 per claimant per accident. Said section further provides that no such claim shall be paid from any fund other than the accident contingent fund.
Thus, it is clear from the above statute that the Mississippi Legislature has, by appropriate legislation, given the state and its political subdivisions immunity from suit on account of any wrongful or tortious act or omission by any employee of the state or its political subdivisions, except as to the extent of liability permitted by statute.
*9 There is no challenge to the constitutionality of the statute itself, only a request that this Court finally abolish governmental immunity. This request infringes upon the policy making authority of the legislature, and this Court refrains from infringing upon this legislative prerogative.
The trial court did not err in granting the Motion For Partial Summary Judgment below, and should, therefore, be affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.
NOTES
[1] As of this writing, Miss. Code Ann. § 37-41-37 will stand repealed from and after October 1, 1989; however, the state legislature is presently considering tort reform legislation.