580 So.2d 733 (1991)
Eric Guy STARNES
v.
CITY OF VARDAMAN, Mississippi, Billy Paul Spencer, Reuben Byars and Ira Berry.
No. 90-CA-0017.
Supreme Court of Mississippi.
May 3, 1991.
*734 Eric Guy Starnes, pro se.
Paul M. Moore, Jr., Calhoun City, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
ROBERTSON, Justice, for the Court:

I.
A state prisoner assigned to a community work detail has been injured in a fall from a city garbage truck which was taking him to lunch. The injured prisoner has sued the city, several officials thereof, and the alleged tortfeasor truck driver, seeking damages for his injuries. The case presents questions of limitations and immunity, exacerbated by the legislature's annual postponement of the effective date of the State Tort Claims Act.
The Circuit Court granted all Defendants' motions for summary judgment, and Plaintiff appeals. Because the State Tort Claims Act had no effect at the time this action arose, we must act under common law rules. These afford the City no immunity to suit where, in performing proprietary functions, its agents cause harm. We affirm in part and reverse in part.

II.

A.
On July 23, 1987, Eric Guy Starnes was held in the custody of the Mississippi Department of Corrections (MDOC). A little over thirteen months earlier, the Circuit Court of DeSoto County, Mississippi, had sentenced Starnes to twenty years imprisonment upon multiple burglary convictions. In June of 1987, MDOC transferred Starnes to the Calhoun County Community Work Center. While held there, Starnes was assigned duties in the City of Vardaman *735 which included working with the city garbage truck.
On the day in question  July 23, 1987  Starnes was working his regular detail.[1] At approximately 11:00 o'clock, city sanitation supervisor Ira Berry instructed Starnes and the other workers to get on the truck to be taken to lunch. Berry, the truck driver, told Starnes to ride on the truck's left front running board. Starnes says he asked to be allowed to ride in the cab of the truck, but Berry refused. Shortly thereafter, with Starnes riding on the running board, Berry drove the truck approaching an intersection, at which time he made a left-hand turn without slowing down and caused Starnes to be thrown to the street. Berry immediately stopped the truck, but just as it struck Starnes' right leg. Berry got out of the truck, realized that the wheel was on Starnes' leg, then moved the truck and proceeded to run over Starnes' left foot.
Starnes claimed he suffered severe personal injuries and was treated first at the Calhoun County Hospital, later at the Oxford-Lafayette Medical Center, at the MDOC Hospital at Parchman, and ultimately at the Sunflower County Hospital in Ruleville.

B.
On October 25, 1989, Starnes brought this action by filing his complaint in the Circuit Court of Calhoun County, Mississippi. Starnes names as Defendants the City of Vardaman in its capacity as a municipal corporation; Billy Paul Spencer, Mayor of the City of Vardaman; Reuben Byars, a member of the Board of Aldermen for the City of Vardaman; and Ira Berry, the city garbage truck driver. Starnes makes claims under state and federal law and demands substantial compensatory and punitive damages, together with certain injunctive relief.
The Defendants answered, admitting that Starnes was working out of the Calhoun County CWC and was, in fact, injured while working on the city garbage truck. Defendants charge that Starnes' injuries, however, were caused by his own negligence and assert affirmatively statute of limitations and sovereign and official immunity defenses. See Rule 8(c), Miss.R. Civ.P.
On November 7, 1989, all Defendants moved for summary judgment. See Rule 56, Miss.R.Civ.P. Following briefing, the Circuit Court, on December 8, 1989, entered its order granting the motions and dismissing Starnes' complaint with prejudice.
Starnes now appeals to this Court.

III.
Insofar as it states a claim against the City of Vardaman for negligence, Starnes' complaint would appear to fall within and be subject to our State Tort Claims Act.[2] Miss. Code Ann. §§ 11-46-1, et seq. (Supp. 1989). In the wake of Pruett v. City of Rosedale, 421 So.2d 1046 (Miss. 1982), the Legislature enacted a comprehensive tort claims act, providing for a limited waiver of sovereign immunity. In the case of municipalities, the act was originally written to take effect on October 1, 1985. See Miss. Laws, ch. 495, § 2 (1984). The law has been amended annually. What is important is that the Legislature has repeatedly postponed the effective date, so that the act  save only its reenactment of pre-Pruett immunity law  has been and remains law in futuro, law that has never acquired a present force.[3]See *736 McFadden v. State, 542 So.2d 871, 876-77, fn. 2 (Miss. 1989); Richardson v. Rankin County School District, 540 So.2d 5, 7-8 (Miss. 1989); Webb v. County of Lincoln, 536 So.2d 1356, 1358-59 (Miss. 1988).
So when the City of Vardaman asserts to the two-year statute of limitations, Miss. Code Ann. § 11-46-11(3) (Supp. 1987), we must answer that the statute limits only "all actions brought under the provisions of this chapter... ." Since "this chapter" has never authorized an action  the present effective date is October 1, 1991  Starnes' action was not and could not have been brought under it. Since Starnes' action was not "brought under the provisions of this chapter," we may not hold it barred by the two-year statute. Instead, the action becomes subject to our catchall statute of limitations, Miss. Code Ann. § 15-1-49 (1972), which at the time Starnes' claim accrued allowed a generous six years within which Starnes could bring his suit.[4] The City's limitations defense fails as a matter of law.

IV.

A.
Starnes' claims and Defendants' immunity defenses are governed by pre-Pruett law. Miss. Code Ann. § 11-46-6 (Supp. 1987); McKay v. Boyd Construction Co., Inc., 571 So.2d 916, 920 (Miss. 1990). Pruett provided that the judge-made, common law of sovereign immunity would expire on July 1, 1984. The one thing the State Tort Claims Act has accomplished is the annual and timely extension of this deadline, with the unequivocal command that prior thereto pre-Pruett immunity law has remained continuously in full force and effect. That law immunizes the state and its political subdivisions and agencies from suit arising from the performance of governmental functions unless provided otherwise by statute. See, e.g., Grantham v. Mississippi Department of Corrections, 522 So.2d 219, 222 (Miss. 1988). The City of Vardaman is a political subdivision of the State of Mississippi. As such, the City is immune from suit arising from the performance of its governmental functions.
The problem is that our immunity law has long recognized a distinction between governmental and proprietary functions and has consistently held that a municipality enjoys no immunity to suit from actions arising from its performance of proprietary functions. It may be that our cases mark a tortuous course between these two types of municipal functions, see, e.g., White v. City of Tupelo, 462 So.2d 707, 708-09 (Miss. 1984), and Anderson v. Jackson Municipal Airport Authority, 419 So.2d 1010, 1014-15 (Miss. 1982), but we have consistently held the collection of garbage and trash a private or proprietary function. See Jones v. Toy, 476 So.2d 30, 31 (Miss. 1985); City of Pass Christian v. Fernandez, 100 Miss. 76, 82, 56 So. 329 (1911). The Jones case seems particularly relevant. Plaintiff was a young laborer who was employed by the city to work on its garbage truck, and in the performance of this task, the city ordered that he ride outside the truck on a platform or step. The truck driver's negligence caused plaintiff to be thrown from the truck, leaving him seriously injured. This Court unquivocally held
Governmental immunity will not bar the suit against the city as the collection of garbage is a private function rather than a governmental one.
Jones, 476 So.2d at 31.
The only conceivable legally cognizable distinction between Jones and the present case is that Starnes was a convicted and incarcerated felon working for the City of Vardaman under a community work program, whereas the plaintiff in Jones was a regular city employee. The City of Vardaman *737 quite correctly points to the fact that our State Tort Claims Act provides that no governmental entity nor its employees shall have liability for claims
... arising out of loss, damage or destruction of property of a patient or inmate of a state institution.
Miss. Code Ann. § 11-46-9(p) (Supp. 1990). Again, the problem is that this act has never become operative. Defendants point to nothing in our present, pre-Pruett, pre-State Tort Claims Act law which gives the City an immunity defense to an action such as that which Starnes has brought. In these circumstances, we may only hold that the Circuit Court erred when it dismissed Starnes' state law negligence claims against the City of Vardaman.

B.
Starnes attempts as well to state a claim against the City of Vardaman under 42 U.S.C. § 1983.[5] Courts of this state of otherwise competent jurisdiction have authority to hear and adjudge such claims, a concurrent authority we share with the courts of the United States. Hood v. Mississippi Department of Wildlife Conservation, 571 So.2d 263, 266-67 and fn. 3 (Miss. 1990); Underwood v. Foremost Financial Services Corporation, 563 So.2d 1387, 1388-89 (Miss. 1990); Marx v. Truck Renting & Leasing Association, 520 So.2d 1333, 1346 (Miss. 1987). It is certainly true that municipalities may be subject to suit under Section 1983. See e.g., City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452, (1985); Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To proceed, however, Starnes must claim that the City has offended some federally protected right. Hood, 571 So.2d at 266, fn. 3.
Fairly construed, Starnes' complaint charges an act of negligence in requiring him to ride on the running board of the truck, followed by a left turn careless of Starnes' safety, and a subsequent careless effort to extricate the truck from its position on Starnes' leg. All of this is light-years short of a claim that the City has deprived Starnes of any right secured by federal law. See Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (due process clause not implicated by state official's negligent act causing unintended loss or injury); Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617-18, 99 S.Ct. 1905, 1915, 60 L.Ed.2d 508, 522-23 (1979); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185, 193 (1978). Starnes' Section 1983 claim fails as a matter of law.

V.
Starnes' suit against Mayor Spencer and Alderman Byars fares no better. First, our law imposes upon these officials no liability under respondeat superior or vicarious liability, no more than it would saddle such officials such liability if they served a private corporate employer. 56 Am.Jur.2d, Municipal Corporations § 289. When charged with direct tortious conduct, these officials enjoy a qualified immunity to suit. Before a plaintiff such as Starnes may succeed, he must show that the official breached a legal duty that is ministerial in nature, or greatly exceeded his authority in the course of the exercise of a discretionary duty, or committed an intentional tort. Grantham v. Mississippi Department of Corrections, 522 So.2d at 225; State v. Lewis, 498 So.2d 321, 322-23 (Miss. 1986); Hudson v. Rausa, 462 So.2d 689, 696 (Miss. 1984); Davis v. Little, 362 So.2d 642, 643 (Miss. 1978); Poyner v. Gilmore, 171 Miss. 859, 864, 158 So. 922, 923 (1935).
*738 The closest thing to a charge of malfeasance Starnes levels against Mayor Spencer and Alderman Byars is that they refused to appropriate enough money to get the garbage truck fixed.[6] Taking Starnes' complaint as true, any failures in that regard are really too remote to impose liability. Starnes' complaint fails to pierce the qualified immunity Mayor Spencer and Alderman Byars enjoy by law.

VI.
There is no question but that Starnes' complaint charges actionable negligence to truck driver, Ira Berry. Pre-Pruett law provides that defendants such as Berry enjoy no immunity to suit. Jones v. Toy, 476 So.2d at 31-32; Davis v. Little, 362 So.2d at 644-45. We carefully considered the point in Davis, an action by an injured pedestrian against a county employee, who negligently struck plaintiff while driving a county-owned pickup truck on county business. We noted that historically this Court had inaugurated the doctrine of public official immunity to protect officials in "discretionary decision-making." Davis, 362 So.2d at 644.
In the present case, the act for which liability is sought to be imposed is the act of negligently driving a vehicle. Thus, even though engaged in county business, the act of driving a vehicle in a reasonable manner does not involve an official discretionary decision-making process. Therefore, Little is not immune from suit.
Davis, 362 So.2d at 644. In Jones we affirmed a personal injury tort judgment against the city-employed driver of a garbage truck. Jones v. Toy, 476 So.2d at 32. The Circuit Court erred when it dismissed Starnes' complaint against Berry.

VII.
Starnes argues that the City had liability insurance and that its immunity to suit was abrogated to the extent of any such insurance. Miss. Code Ann. § 21-15-6 (1990); Strait v. Pat Harrison Waterway District, 523 So.2d 36, 41 (Miss. 1988). The short answer is that the record wholly fails to reflect the existence of any such liability insurance policy. The point is of little practical effect, however, in view of our holding that the City, through its employees, was engaged in performance of a proprietary function at the time of the incident which has given rise to this action. See Part III(A) above.

VIII.
Starnes' complaint, insofar as it demands punitive damages and/or injunctive relief, fails to state a claim upon which relief may be granted. Moreover, in opposition to Defendants' motion for summary judgment, Starnes furnished nothing qualifying under Rule 56(e), Miss.R.Civ.P., suggesting the slightest merit to these claims. The Circuit Court correctly held Defendants had shown on these two claims the absence of a genuine issue of material fact and their entitlement to judgment as a matter of law.
AS TO APPELLEES, SPENCER AND BYARS, AFFIRMED; AS TO APPELLEE, CITY OF VARDAMAN AND APPELLEE BERRY, AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, PITTMAN, BANKS and McRAE, JJ., concur.
SULLIVAN, J., concurs in result only.
NOTES
[1] In our present procedural posture  and for present purposes only  we state the facts favorably to Starnes' claims.
[2] The Legislature has given this act no official title. We have referred to it as the Sovereign Immunity Act of 1984, McKay v. Boyd Construction Co., Inc., 571 So.2d 916, 919 (Miss. 1990), and as merely the 1984 Immunity Act, Richardson v. Rankin County School District, 540 So.2d 5, 7 (Miss. 1989).
[3] In 1985 the Legislature postponed the effective date of the act, as it applies to municipalities, to October 1, 1986. Miss. Laws, ch. 474, §§ 2, et seq. (1985). In 1986 the Legislature postponed this effective date until October 1, 1987. Miss. Laws ch. 438, § 1, et seq. (1986). A year later the Legislature pushed this same effective date ahead to October 1, 1988. Miss. Laws, ch. 483, §§ 1, et seq. (1987). In 1988 the Legislature once again postponed this effective date until October 1, 1989. Miss. Laws, ch. 442, §§ 1, et seq. (1988). Then in 1989 the Legislature moved the act's effective date, as it applies to municipalities, ahead to October 1, 1990. Miss. Laws, ch. 537, §§ 1, et seq. (1989). The Legislature moved this effective date forward to October 1, 1991. Miss. Laws, ch. 518, §§ 1, et seq. (1990), codified as Miss. Code Ann. §§ 11-46-3, et seq. (Supp. 1990). The Legislature has enacted Senate Bill No. 2038, Reg.Sess. (1991), which would postpone the effective date yet again.
[4] Miss. Laws, ch. 311, § 3 (1989) shortens the statute to three years, effective July 1, 1989.
[5] § 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
[6] In his complaint, Starnes describes a seven-week pre-July 23, 1987, history. He says that during this period of time, he was made to ride on the left rear platform of the truck and that this was dangerous because the truck had been wrecked, and the City was refusing to appropriately repair it. He says the reason he was riding on the left running board on the day of the accident was that the truck driver finally realized that the rear platform would not hold him anymore and put him on the left running board. Starnes seems to think it of great significance that his complaints regarding the repairing of the rear of the truck had gone unheeded. The point completely escapes us, as he in no way suggests the failure to repair played any legally cognizable role in causing his injuries or accident.