# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-IA-00905-SCT

*MISSISSIPPI TRANSPORTATION COMMISSION*

*v.*

*MILDRED JENKINS AND MOBILE MEDICAL*
*AMBULANCE SERVICE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/01/94 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: RICHARD E. WILBOURN, III |
| ATTORNEYS FOR APPELLEES: | GAIL M. LOWERY |
| | JOHN P. SNEED |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED- 9/18/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/9/97 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. The Mississippi Transportation Commission appeals the interlocutory ruling of the Hinds County Circuit Court wherein the trial court denied the Commission's motions to be dismissed as a party to the suit on the basis of the doctrine of sovereign immunity. We reverse and render the ruling of the trial court because sovereign immunity applies to both motions at issue in this appeal.

## FACTS

¶2. On April 2, 1993, Mildred Jenkins was driving east on Highway 18 in Utica. At the intersection between Highway 18 and Highway 27, road construction was being conducted by the Mississippi Department of Transportation. Jenkins claims that she came to a stop at the intersection before being flagged by a Department flagman to proceed with her turn onto Highway 27.

¶3. At the same time, an ambulance operated by Mobile Medic Ambulance Service was traveling

west on Highway 18. Mobile Medic claims that the ambulance's emergency lights and siren were in use. Jenkins claims that the Department flagman negligently flagged her to proceed with her turn, causing her to cross the opposing lane of traffic on the highway just as the ambulance was reaching that spot. Mobile Medic claims that although its driver applied the brakes, he was traveling too fast to stop before hitting Jenkins' car.

¶4. Jenkins filed suit in Hinds County Circuit Court. While Mobile Medic maintains that Jenkins is solely at fault for the accident, its cross-claim against the Department alternately demands indemnification from the Department in case any liability is imposed on Mobile Medic. Mobile Medic asserts in its cross-claim that if the Jenkins is not solely responsible for the accident, then the accident was caused at least in part by the negligence of the Department's flagman.

¶5. The Department of Transportation filed motions to dismiss relating both to Jenkins original Complaint and to the Cross-claim filed by Mobile Medic, citing its immunity from suit under the doctrine of sovereign immunity. The trial court denied both motions. Aggrieved, the Department of Transportation appeals.

## STANDARD OF REVIEW

¶6. A motion to dismiss under M.R.C.P. 12(b)(6) raises an issue of law. ***T.M. v. Noblitt***, 650 So. 2d 1340, 1342 (Miss. 1995). ***Tucker v. Hinds County***, 558 So. 2d 869 (Miss. 1990); ***Lester Engineering Co. v. Richland Water and Sewer District***, 504 So. 2d 1185, 1187 (Miss. 1987). This Court conducts de novo review on questions of law. ***UHS- Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.***, 525 So. 2d 746, 754 (Miss. 1987).

¶7. When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. ***Overstreet v. Merlos***, 570 So. 2d 1196 (Miss. 1990).

## DISCUSSION OF LAW

¶8. The Department of Transportation cites two issues for appeal:

**I. WHETHER SOVEREIGN IMMUNITY BARS THE CLAIMS OF THE APPELLEE AND THE CO-DEFENDANT/CROSS-APPELLANT.**

**II. WHETHER MISS. CODE ANN. § 11-46-3 (ESTABLISHING SOVEREIGN IMMUNITY) IS CONSTITUTIONAL.**

¶9. Since neither Jenkins nor Mobile Medic contest the constitutionality of the doctrine of sovereign immunity, but instead base their arguments on Issue I, we find it unnecessary to address Issue II.

**I.**

**WHETHER SOVEREIGN IMMUNITY BARS THE CLAIMS OF THE APPELLEE AND THE CO-DEFENDANT/CROSS-APPELLANT.**

¶10. The Department's primary argument is that, as a state agency, it is and was immune from suit under the doctrine of sovereign immunity, which had been legislatively enacted in the form of Miss.

Code Ann. § 11-46-3 (Supp. 1996). That statute states that the State of Mississippi and its political subdivisions are immune from suits arising from tortious acts or omissions or breach of implied term or condition of any warranty or contract. Since this action arises from an alleged tortious act, the Department argues that it falls under the statute, and that as a result, the Department should be dismissed as a party to this lawsuit.

¶11. Jenkins argues that the statute is not a bar to recovery in this case because according to Miss.Code Ann. § 11-46-16(2), a state agency may be sued for tortious conduct and recovery may be had to the extent that the agency has liability insurance. Thus, sovereign immunity is waived to the extent of insurance coverage in effect at the time of the incident. Jenkins claims that the Department had a liability insurance policy in effect at the time of the accident which covered the conditions under which the accident occurred. That insurance was purchased under authority granted in Miss.Code Ann. § 65-1-8(p) (1972), *repealed by its own terms* effective July 1, 1992. That statute authorized the Department to purchase liability insurance for employees operating motor vehicles in the performance of their official duties. Jenkins could offer no more than "could have" and "might have been " evidence to suggest that the insurance policy covered the allegedly negligent flagman, who certainly was not operating a motor vehicle at the time of the accident.

¶12. This Court frowns upon the use of conjecture as evidence in negligence cases. *Carpenter v. Nobile*, 620 So. 2d 961, 965 (Miss. 1993); *Foster v. State*, 508 So. 2d 1111, 1118 (Miss. 1987). A plain reading of Miss.Code Ann. § 65-1-8(p) makes it clear that the insurance covered drivers of the Department's vehicles. Because the flagman does not fall into that category, we find that the Department should have been dismissed as a defendant in Jenkins' suit. As a result, the only way that the Department could remain a party in any fashion is if Mobile Medic's cross-claim against the Department would survive a sovereign immunity challenge.

¶13. Mobile Medic asserts that its claim is not a suit for damages in tort against the Department, which it agrees is barred by Miss.Code Ann. 11-46-1 *et seq.* (Supp. 1996). Rather, it argues that its claim is one for indemnification against the Commission. Because indemnification in any case is dependent upon a judgment in favor of the plaintiff, Mobile Medic argues that its claim for indemnification against the Department is not yet ripe. *Hopton Bldg Maintenance, Inc. v. United Parcel Serv.*, 559 So. 2d 1012, 1013 (Miss. 1990). Thus, Mobile Medic argues that the Department should remain a party to its cross-claim until such time as it is determined whether there is liability on the part for damages in favor of Jenkins.

¶14. While Mobile Medic is correct to assert that a claim for indemnity does not arise until there is legal liability to pay a judgment in favor of Jenkins, it could only be indemnified or get contribution from the Department if sovereign immunity were not a bar at that time. As stated earlier, sovereign immunity applies to all tort claims, of which this is one. Sovereign immunity can only be waived to the extent to which there was liability insurance in place covering the alleged tort at the time of the incident. Since the only liability insurance in place at the time of this incident was solely to cover drivers of department motor vehicles, it would not appear that Mobile Medic would not be able to gain indemnity or contribution from this source because no Department drivers were involved in this accident.

¶15. Further, Mobile Medic cites Miss.Code Ann. § 85-5-7 (1972) in support of its theory that it is

entitled to contribution from the Department as a joint tortfeasor. However, Mobile Medic overlooks the specific provision of paragraph (5) of that very section which provides that "Nothing in this section shall eliminate or diminish any defenses or immunities which currently exist, except as expressly noted herein." Clearly, that paragraph encompasses sovereign immunity in that sovereign immunity is not expressly mentioned in the section. Therefore, we find that the legislature intended that sovereign immunity apply to actions where the state is a possible joint tortfeasor, as is the case here.

¶16. As a result, we hold that the Department would be immune from contribution as a joint tortfeasor, and thus, there is no cognizable reason for the Department to remain a party to this action.

## CONCLUSION

¶17. The doctrine of sovereign immunity protects the Department from actions based in tort except to the extent that the Department has purchased insurance to cover liability. Since the insurance purchased by the Department was not applicable to this situation, Jenkins could not recover a judgment against the department. By the same token, Mobile Medic could not be indemnified or get contribution from the Department due to the fact that such indemnity would be based in a tort for which there could be no recovery in this instance.

**¶18. REVERSED AND RENDERED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND BANKS, J., IN PART.**

**McRAE, JUSTICE, DISSENTING:**

¶19. While reversal in this case is proper, the rendering of judgment in favor of the Transportation Commission is not. This case should be remanded to the trial court, for this Court should never have granted an interlocutory appeal. The full record is not properly before this Court to allow us to make a determination of the merits of the issues. I dissent.

¶20. A "claims-made" policy protects the holder only against claims made during the life of the policy, while an "occurrence" policy protects the policyholder from liability for any act done while the policy is in effect. *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 535, fn. 3 (1978). The rights of the injured party under "claims-made" policies, unlike "occurrence" policies, do not vest at the time of the injury. Notice of a claim or potential claim defines coverage under a "claims-made" policy. A "claims-made" policy can cover losses caused by wrongful actions preceding the policy term when a claim is brought during the policy period. Therefore, this type of policy provides for indemnity, regardless of the date of the occurrence giving rise to the claim, as long as the act is discovered and reported to the insurer during the policy period.

¶21. Unfortunately, we do not know whether or not the policy under review is a "claims made" policy. We do not have the record before us to determine what kind of insurance policy existed. The burden was on the Commission to provide the record, but the affidavit filed is not properly before the Court. Accordingly, the majority erroneously has rendered judgment without the benefit of having a policy to review. The claim by Jenkins is also improperly before this Court, since we do not have the record to evaluate her claim. While the trial court may have properly denied both of the motions to dismiss below, because those questions were proper considerations for a jury, this Court should not have granted an interlocutory appeal. It is on this basis that I would remand this case to the trial court.

¶22. The application of the sovereign immunity doctrine in this case is also erroneous. The Transportation Commission argues that it was immune from suit, based on Miss. Code Ann. 11-46-3, because the State and its political subdivisions are immune from suits based on tortious acts or omissions. However, we are again faced with a situation where a plaintiff's cause of action against the State and its subdivisions was delayed based on the Legislative delay of implementation. "What is important is that the Legislature has repeatedly postponed the effective date, so that the [Tort Claims] act--save only its reenactment of pre-***Pruett*** immunity law--has been and remains law in futuro, law that has never acquired a present force." ***Starnes v. City of Vardaman***, 580 So. 2d 733, 735-36 (Miss. 1991). Since the statute never authorized an action against the State or its subdivisions, Jenkins's action was not and could not have been brought under it. Since Jenkins's action was not brought under the provisions of a statute allowing suit, we may not hold it barred by sovereign immunity. Instead, under ***Starnes***, Jenkins had six years to file a claim from July 1993, based on the six-year general "catch-all" statute of limitations. *See also* ***Stokes v. Kemper County Bd. of Sup'rs***, 691 So. 2d 391, 396-98 (Miss. 1997) (McRae, J., concurring in part and dissenting in part). Therefore, Jenkins's claim remained alive, at least up to the $50,000 limit of liability imposed by statute. Further, if there was coverage under a "claims-made" policy, the immunity for the Transportation Commission would be waived as to the amount of insurance regardless.

¶23. It is for the above reasons that I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION. BANKS, J., JOINS THIS OPINION IN PART.**